Challiss v. Wise and Crookham.

---

LUTHER C. CHALLISS v. THOMAS WISE AND W. H. CROOKHAM.

*Error from Atchison County.*

Where the plaintiff in error claimed confirmation of a sale of land belonging to Hadley and Carr, under a decree of foreclosure and order of sale, the plaintiff in error being purchaser, and where the defendants in error objected to the confirmation on the grounds that they had bid in the same property under an execution in their own favor, against said Hadley and Carr, levied previous to plaintiff's mortgage; the proceedings had under the order of sale being regular, *held* that the whole duty of the Court below,

on such motion, is to see that the proceedings of the officer have been in conformity with the law, that it cannot go behind the order of sale, nor receive any evidence, except as to the regularity of the proceedings, and that the ruling of the Court below refusing to confirm the sale, was error. *Kœhler* v. *Ball*, (1 *Kansas*, 160,) on the same point cited and approved.

A statement of the facts of the case appears in the opinion of the Court.

*G. W. Glick*, argued the case for plaintiff, and *W. W. Guthrie*, for defendant in error.

*Otis and Glick*, for plaintiff in error.

1st.' The Court erred in not confirming the sale made to Challis of the N½ of lot 9 in block 19.

The proceedings under the order of sale are all regular. This is admitted. The Court then could only confirm or set aside the sale. *See code, Sec.* 449.

2d. The Court erred in admitting the testimony offered by the defendants in error. It was trying the title to the premises on a motion to confirm a sale. The Court could not thus try this title. The party is entitled to a jury on the trial of title of real estate.

In this case the Court, notwithstanding the objections of the plaintiff in error, tried the title to the land in controversy, giving the plaintiff in error no chance to be heard before a jury. *Code, Sec.* 274.

The Court could hear only such testimony as proved or disproved the legality of the sale. *Code, Sec.* 449.

The Court erred in ordering a deed to be made to Wise & Crookham.

The subject matter of the motion was *res adjudicata.* The judgment of Challiss *v.* Headley & Carr and Wise & Crookham, enjoined Wise & Crookham from setting up or claiming any interest in or to the premises in controversy.

The right of Wise & Crookham in the premises, had been passed upon and settled, and so remains till that judgment is set aside or reversed.

Challiss v. Wise and Crookham.

The following authorities settle this question in favor of the plaintiff in error:

2 *Parsons on Contracts*, 234; *Grant* v. *Ramsey*, 7, *O. S. R.*, 157; *Simmons* v. *Dunn*, 4 *O. S. R.*, 680; *2d Phil. Ev.*, (*3d Ed.* 1849,) 4-5-9-13; *Phil. Ev. Vol.* 4, *Note* 13, *p.* 13, *et seq.*; *Gardner* v. *Buckhall*, 3*d Cow.* 120; *Broom's Legal Maxims*, 243-131; *Doty* v. *Brown*, *Comstock's R., Vol.* 4, 71; *Smith's Leading Cases*, (*estopple by record*, 667,) *and cases cited*; *Eversol* v. *Plank*, 17 *O. R.*, 61; *George* v. *Gillespie*, 1 *Iowa*, 421; *Chase* v. *Walker*, 20 *Rep.*, 555; 10 *O. R.* 300; 9 *O. R.*, 67; *Young* v. *Black*, 7 *Cranch*, 565; *Hites* v. *Enos*, 13 *O. S. R.*, *Mss.*

*W. W. Guthrie*, for defendant in error.

Plaintiff was not entitled to confirmation asked for.

I. He had no legal judgment against Headley & Carr.

II. Defendants were not legally notified of his suit, being misled by the summons. 2d. There was no prayer for relief against them in plaintiff's petition. *Nash*, *Note B and D, Addenda*, *p.* 781; *Seney*, *p.* 78, *Note B and C*; *Nash*, *p.* 54; *Civil Code, Sec.* 94, *p.* 139.

III. Defendants were not notified of appraisement made by plaintiff, and hence, the sale was illegal as to them. *Chap.* 172, *p.* 773; 2 *O. S. R.*, 406.

IV. After the property had been sold to defendants, it could not be sold to plaintiff, and hence there was no sale to confirm.

But one sale of same property could be made upon process against same defendants. *Nash*, 607; 5 *O. R.*, 522.

Plaintiffs execution was void because it did not follow judgment. *Nash*, *p.* 589; see *Transcript*, *p.* 9-

*Defendants' confirmation legal.*

He had a valid judgment. His lien became fixed by levy of execution several months before plaintiffs mortgage, and having no interest in said land, except such as

might remain after defendants lien was satisfied. See *Statute, p.* 862, *Sec.* 443 *Civil Code, p.* 194.

Their sale was regular. Plaintiffs lien being subsequent to defendants said levy, was not entitled to notice of appraisement.

Defendants lien not foreclosed by plaintiff, *1st.* Because not notified of suit. *2d.* Because it was a prior right and not affected by proceedings upon rights accruing subsequently. *Civil Code, Sec.* 426. *See Seney,* 360, *Note G;* 17 *O. R.,* 578; 14 *O. R.,* 318; 16 *O. R.,* 533.

Only when judgment becomes dormant, does lien cease. *Seney,* 342, *Note B;* 10 *O. R.,* 403.

The Court did right in examining the proceedings to ascertain if there was a legal foundation for the execution upon which the sale was made. If not, no sale was made.

If the Court could not go behind the Sheriff's return, plaintiff could not show that defendant was foreclosed.

Defendant having an interest in the property was entitled to be heard on plaintiffs motion to confirm.

It is a principle well settled, that a Court in reviewing errors, will go back to the first error committed, and if upon examination it be found that the party complaining has not been injured, the judgment will not be disturbed.

The plaintiff not having a legal judgment, the defendant having had no notice of appraisement, and such property not having been legally sold on plaintiffs process, same being on a lien subsequent to that of another process to sell at same time, in hands of Sheriff, plaintiff could not be entitled to a deed, and hence his rights were not affected by the judgment of the Court below.

Judgment below should be affirmed.

*By the Court,* KINGMAN J.

The plaintiff in error foreclosed a mortgage against Headley & Carr, sued out an order of sale and became the purchaser at the Sheriff's sale of the N½ of lot 9 in the

City of Atchison, and moved the Court for a confirmation of the sale.

The defendants objected to the confirmation. They had a judgment and execution levied on the lot older than Chaliss' mortgage, and had become the purchaser of the same under their execution.

The Court confirmed the sale of some other property sold under Challiss' mortgage, but refused to confirm the sale to the N½ of lot 9.

It was admitted on the trial of the motion, and was so ound by the Court that all the proceedings had under the order of sale were regular and in conformity with the law.

This admission by the parties and finding by the Court, settles this case. It was the duty of the Court to confirm the sale. The motion to confirm is founded upon Section 449 of the Code, and the whole duty of the Court on such motion is to see that the proceedings of the officer have been in conformity with the law. On such a motion the Court cannot go behind the execution nor receive any evidence except as to the regularity of the proceedings. This is apparent from the Section itself, and has been decided by this Court in the case of Kœhler v. Ball, where authorities are cited.

The Court undertook to do more, to settle the title to the property on a motion without pleadings. This was error. For this reason the order of the Court in the premises is reversed, and the cause remanded to the District Court of Atchison County for confirmation, leaving the parties to try their rights by regular proceedings.

For the reasons given for not affirming the action of the Court below, we abstain from indicating any opinion on the other points argued by the counsel in this case, and on which they invoked the judgment of this Court.

All the justices concurring.