## J. S. COLLINS V. JOHN RITCHIE.

GOODS, *Not Found; Sheriff's Sale of Realty, Should be Confirmed.* Where it is not shown that the judgment debtor has personal property out of which a judgment rendered against him could have been made, and the return of the officer shows he was unable to find any goods and chattels whereon to levy, and therefore levied the execution upon real property belonging to the debtor, and the proceedings of the sale are in conformity with the statute, the district court, upon motion of the purchaser—a third party—should confirm the sale, although the officer did not see or demand of the debtor the amount of the execution before levying upon his real property, and did not make any extended search for personal property, because he was informed and believed he had sold all of it upon a prior execution against him.

### *Error from Shawnee District Court.*

THIS proceeding is prosecuted to reverse an order of the district court of Shawnee county setting aside a sale of real estate on execution, and refusing a motion to confirm the sale. The facts are substantially these: On the 8th day of April, 1876, Joseph Black recovered a judgment against John Ritchie and Mary Jane Ritchie, in the district court of Shawnee county, in a case wherein Isaac Shellabarger was plaintiff and John Ritchie and others were defendants. On March 5, 1883, there being a balance unpaid on the judgment, and the same being in full force, an *alias* execution was issued, directed to the sheriff of the county, who received it on the same day; and his return on the execution, so far as the ques-

tions involved in this case are concerned, is as follows: "I received this writ this 5th day of March, 1883, at 4 o'clock P. M., and according to the command thereof, and being unable after diligent search to find any goods, chattels, or personal property of any kind, belonging to the said John Ritchie, in my county, whereon to levy this execution, I did, on the 10th day of March, 1883, at the suit of the within-named Joseph Black, under and by virtue of this execution, and to satisfy the same, levy upon, as the property of the said John Ritchie, the following described real estate, to wit;" the property being that in controversy, which was appraised, advertised and sold, for more than two-thirds of the appraised value, to J. S. Collins the plaintiff in error, on the 23d day of April, 1883. On said day Joseph Black, the judgment creditor, filed a motion to confirm the sale; and on the next day the judgment creditor and the purchaser at the sale, J. S. Collins, by their attorney J. G. Slonecker, and the defendant John Ritchie, by his attorney W. P. Douthitt, appeared in open court, and on the motion being brought up, upon the statements made by the attorney for the judgment creditor and purchaser that the proceeding seemed to be in all respects regular, the court ordered the sale to be approved and confirmed, subject to the examination of defendant's attorney. Afterward, on the 25th day of April, 1883, the attorney for the defendant, John Ritchie, in open court stated that the proceedings seemed to be regular on their face, but as his client desired him to look further into the matter, he requested the whole subject to be postponed; whereupon the court ordered that the hearing upon the motion to confirm the sale be postponed until April 28th, 1883, at 9 o'clock A. M. On the 28th day of April, the judgment creditor and purchaser at the sale appeared by their attorney, and the defendant, John Ritchie, appeared in person and by his attorney, and the motion to confirm the sale was called up. Ritchie, by his attorney, objected to the confirmation of the sale, and stated he had deposited with the clerk of the court $167—the amount for which the real estate

was sold — and asked that the sale be set aside and the money given to the judgment creditor or the purchaser at the sale, as the court might direct. The purchaser at the sale objected, and the court sustained the objection. The judgment debtor, by his attorney, then moved that the sale be set aside, for the reason that the sheriff had made no search for personal property, goods or chattels belonging to the defendant, John Ritchie, before levying on the real estate, and that said Ritchie had no notice of the issuance of the execution, and that the officer had made no demand on him to turn over money or goods or chattels for the satisfaction of the same. This motion was not in writing. The defendant's attorney then asked that the judgment debtor be sworn and be permitted to testify, to which the purchaser objected, and the objection was sustained. Thereupon the court called Fred. N. Miller, deputy sheriff of the county, the same person who signed the return on the execution as deputy sheriff, and without causing him to be sworn and against the objection of the attorney for the motion to confirm, interrogated him concerning the return on the execution, and Miller responded as follows: The court: "Did you go and see Mr. Ritchie after you got this execution, and notify him that you had it?" A. "No, sir." The court: "Did you make diligent search for goods and chattels belonging to Mr. Ritchie, before levying on the real estate?" A. "No, sir; I did not make a very extended search for personal property under this execution, for I had another execution against Mr. Ritchie a short time before and sold all his personal property on that execution, as I was informed and believed. I made a sufficient search to satisfy me that he had no personal property on which I could levy. I did not myself wholly execute the writ. Mr. Thompson, the other deputy, did part of it. I did not see Mr. Ritchie about this execution. I told him quite a while ago that I would see him about any executions against him. The return as made is correct."

This was all the testimony introduced, and thereupon the court ordered that the sale of the real estate to the purchaser,

*J. S. Collins,* be set aside. The purchaser brings the proceedings to this court.

*J. G. Slonecker,* for plaintiff in error.
*Wm. P. Douthitt,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The writer is of the opinion that if the district court was convinced, upon the hearing before it, that the return of the officer was not in accordance with the actual facts therein set forth, or that the officer had in any way abused the process, the court had the power to refuse to confirm the sale. The other members and the majority of this court, however, are of the opinion that upon the record, the purchaser at the sale had rights which it was the duty of the court to protect; that as the return of the officer shows after diligent search he was unable to find any goods or chattels of any kind whereon to levy the execution, and as all the proceedings of the sale seem to have been in conformity with the statute, the motion to set aside the sale should have been overruled and the sale confirmed. (*Challiss v. Wise,* 2 Kas., 193; *White-Crow v. White-Wing,* 3 id. 276; *Treptow v. Buse,* 10 id. 170; *Dewey v. Linscott,* 20 id. 684; *New England Mortgage Co. v. Smith,* 25 id. 622.)

We all agree that it is not absolutely necessary for an officer having an execution to make a personal demand of the judgment debtor for the amount thereof, or notify him he holds an execution against him, before levying upon his real property; that he is only required to exercise reasonable and ordinary diligence to discover whether goods and chattels can be found belonging to the debtor, before levying upon real estate; and he may, under some circumstances, have sufficient knowledge at the issuance of the execution that the debtor has no goods or chattels subject to levy, so that search is wholly useless.

The order of the district court will be reversed, and the case remanded for further proceedings.

BREWER, J., concurring.

VALENTINE, J.: I concur in reversing the order of the district court setting aside the sheriff's sale; and I do this for the following among other reasons: All the proceedings connected with the sale or upon which the sale was founded, seem to be correct and regular. There was no legal evidence introduced before the district court that even tended to show that such proceedings were not correct and regular; and there was no evidence, legal or illegal, introduced in the district court, sufficient to overturn such sale or to authorize the district court to set it aside. The district court erred in admitting the oral statements, not under oath, of Fred. N. Miller, over the objections and exceptions of the purchaser; but still, such statements, if they had been made under oath, were not sufficient to authorize the district court to set aside the sale. The sale was set aside in all probability upon the ground that the sheriff did not make a sufficient search for goods and chattels or personal property belonging to the judgment debtor before levying upon the real estate of such judgment debtor. Now it was not shown that no such sufficient search was made. Besides, there was no claim or pretense made in the district court that the judgment debtor had any goods, or chattels, or personal property exempt from execution upon which the sheriff might or could have levied. For these reasons, I think the district court erred in setting aside the sheriff's sale.