EDWARD PLACE, Respondent, *v.* PETER RILEY, JOHN H. WHITTAKER et al., Purchasers, Appellants.

In an action wherein an attachment had been issued, upon the ground that defendant, a resident of the State, had departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, the execution directed the sheriff to collect the judgment out of the attached personal property, and if that was insufficient, out of the real estate attached. *Held,* that, so far as the real estate was concerned, the execution was void, and a sale under it conveyed no title; that the provision of the Code of Civil Procedure (§ 1370, subd. 2) prescribing the form of execution in such case is peremptory, and the attached real estate could not be resorted to until the remedy against the debtor's personal property, both attached and unattached, had been exhausted.

*It seems* that where the attachment judgment and execution are regular, a *bona fide* purchaser on sale acquires a good title, although after a conveyance to him the defendant is allowed to come in and defend as authorized by the Code (§ 445) and succeeds in his defense.

Under a void process, however, no title can be acquired, and a *bona fide* purchaser, as against the owner of the property, stands in no better position than one purchasing with full knowledge of the invalidity.

(Argued December 9, 1884; decided January 20, 1885.)

SICKELS — VOL. LIII          1

APPEAL from an order of the General Term of the Supreme Court, in the second judicial department, made February 12, 1884, which reversed an order of Special Term, ordered that an execution issued herein and a sale of certain real estate thereunder be set aside, adjudged the sheriff's deed thereof void, and directed it to be canceled of record. (Reported below, 32 Hun, 17.)

An attachment was issued in this action against defendant, a resident of the State, on the ground, and upon proof, showing that he had departed therefrom with intent to defraud his creditors, or to avoid the service of process, or kept himself concealed therein with such intent. The attachment was levied upon the real estate in question. The summons was served by publication. Judgment was taken by default, and execution issued, which directed the sheriff to collect the judgment out of personal property of the defendant attached, and if that was insufficient then out of the attached real estate. Under said execution the sheriff sold said real estate, and after the expiration of the time to redeem, conveyed the same to the purchaser, who conveyed it to John H. Whittaker and Sylvester Lewis. The defendant thereafter made application under the Code (§ 445), and was allowed to come in and defend. He put in an answer and succeeded in his defense, and thereupon made a motion to set aside the execution and the sale thereunder, which was denied at Special Term.

*Josiah T. Marean* for appellants. Upon service of process other than personally upon a resident of the State, its laws may provide for the adjudication generally, *in personam*, of the obligations of such defendant, and for their enforcement against his property to the same extent as in cases of personal service. (*Schwinger* v. *Hickok*, 53 N. Y. 280; *Hunt* v. *Hunt*, 72 id. 237; *Gibbs* v. *Queens Ins. Co.*, 63 id. 124; *McKinney* v. *Collins*, 88 id. 216.) In cases of service not personal in actions for the recovery of money only, the judgment, while in form *in personam*, is really *in rem* or *in personam*, according as the defendant is or is not a resident of the State; if he is a resident

the judgment may be enforced against all his property the same as upon personal service; if not, against such property only as had before judgment been brought into court by attachment. (Code, §§ 1370, 1217, 707.) Where there was no attachment, whether there was no right of execution at all, or a right of execution against all of the defendant's property, depended upon the very fact of residence or non-residence. (*Haswell* v. *Lincks,* 87 N. Y. 637; *Bartlett* v. *O'Neil,* 60 id. 53.) The defendant having been served by publication, and the property in question having been attached, the judgment was valid, and the plaintiff had a right to proceed against the attached property. (*Thomas* v. *Bogert,* Gen. T., 19 Weekly Dig. 396.) The defendant's substantial rights were not affected. (Code, § 723; *Cunningham* v. *Cassidy,* 17 N. Y. 276; *Wright* v. *Nostrand,* 94 id. 47; *Bank of Genesee* v. *Spencer,* 18 id. 150.) The form or the execution furnishes no ground for disturbing the execution or the sale under it, either upon terms or without terms. (Code, § 723.)

*George J. Billings* for respondent. Whether or not the judgment obtained in this action was a judgment *in rem* or a judgment *in personam,* depends entirely upon the fact of defendant's residence or non-residence at the time of the service of the summons, and not upon the manner of the service. (*Hunt* v. *Hunt,* 72 N. Y. 237; *Gibbs* v. *Queens Ins. Co.,* 63 id. 124; *McKinney* v. *Collins,* 88 id. 216; *Haswell* v. *Lincks,* 87 id. 637; Code of Civ. Pro., §§ 1370, 707, 708, 1217.) The appellants are bound by the record, having purchased these premises at a judicial sale. (*Schwinger* v. *Hickok,* 53 N. Y. 280; *Bartlett* v. *McNeill,* 60 id. 54; *McKinney* v. *Collins,* 88 id. 216.) The defect in the execution was not a mere formal error; it was an irregularity which violated a substantial right of the defendant. The execution is, therefore, void. (Code, § 1370; *Cunningham* v. *Cassidy,* 17 N. Y. 276; *Bank of Genesee* v. *Spencer,* 18 id. 150; *Wright* v. *Nostrand,* 94 id. 33; *Park* v. *Church,* 5 How. 383; *McKinney* v. *Collins,* 88 N. Y. 220; *People, ex rel. Brown,* v. *Van Hoesen,*

62 How. 77; *Hills* v. *Haynes*, 54 N. Y. 156; 6 How. 77; *Douglass* v. *Haberstro*, 88 N. Y. 612; 17 N. Y. Weekly Dig. 503.) The doctrine of *caveat emptor* applies to every purchaser of real estate at a sheriff's sale on execution. (*Frost* v. *Yonkers Savings Bk.*, 70 N. Y. 553; Freeman on Executions, 517, § 310; Code, § 1440; Const. of N. Y. State, art. 1, § 6; *Westervelt* v. *Gregg*, 12 N. Y. 209; Cooley's Const. Lim. 335; *Woodcock* v. *Bennett*, 1 Cow. 71; *Day* v. *Bach et al.*, 87 N. Y. 56; Code of Civ. Pro., § 1479.)

ANDREWS, J. The defendant Riley, upon being allowed to come in and defend under section 445 of the Code, succeeded in his defense, and this motion was subsequently made to set aside the sale of his real estate, under the execution on the original judgment which was vacated by the subsequent proceedings. The jurisdiction of the court to grant the order for the service of the summons in the action by publication, and to issue the warrant of attachment, is not questioned. The court in both cases proceeded upon proof that the defendant Riley was a resident of the State of New York, and had departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or kept himself concealed therein with like intent. The judgment and attachment were, therefore, in all respects, regular, and justified the issuing of an execution against the property of the defendant. But the statute prescribes the form of the execution where a warrant of attachment has been issued, and levied by the sheriff. (Code of Civ. Pro., § 1370.) The execution issued did not conform to the statute. It commanded the sheriff to collect the judgment out of the attached personal property of the judgment debtor, and if that was insufficient, out of his attached real property, whereas the case was one under the second subdivision of section 1370, by which the execution must go, first against the attached personal property, second against the other personal property of the judgment debtor, and lastly against the attached real property.

We are of opinion that the execution for this reason was

void. The statute is peremptory that executions in the cases specified "must require" the sheriff to satisfy the judgment in the way pointed out. The evident intention of the second subdivision of the section was to prevent resort to the real estate of an absconding or concealed debtor, for the satisfaction of a judgment obtained in an action in which an attach-. ment had been issued and levied upon his real estate, until after the remedy against his personal property, both attached and unattached, had been exhausted. This is in accordance with the general policy of the law, founded upon reasons less forcible perhaps now than formerly, but which it is nevertheless within the discretion of the legislature to maintain. It is well settled that the title of a purchaser in good faith to property sold on execution, is not affected by mere irregularities in the process. But under a void process no title can be acquired, and the position of a *bona fide* purchaser under a void process is no better as against the real owner of the property, than that of one who purchased with full knowledge of its invalidity. (*Wood* v. *Colvin*, 2 Hill, 566.) In this case, moreover, the purchaser and his grantees were put upon inquiry as to the validity of the execution. The execution described the judgment, and directed the sheriff to satisfy it out of the personal property attached, etc. The attachment recited the ground upon which it was issued. An examination of the records would have disclosed the fact that the execution did not conform to the statute. The claim that there was in fact no personal property belonging to the defendant in the execution, out of which it could be collected, is controverted. But if established, we are of opinion that the circumstance was immaterial. The invalidity of the process cannot depend upon the fact whether the execution could have been collected out of personal property. The law prescribes the form of the execution, and it would be extremely dangerous to make the validity of an execution which omits a material provision, designed for the benefit of the defendant, to depend upon an inquiry whether any actual injury resulted from the omission. The present case, though less striking, is in principle the same as if an execution upon an ordinary

judgment *in personam* directed its collection out of the real property of the defendant, omitting all reference to personal property. The case is a hard one for the purchasers, but we see no answer to the motion to set aside the sale.

The order should be affirmed.

All concur.

Order affirmed.