J. Irwin Shapiro, J.
The complaint consists of three causes of action. We shall not concern ourselves here with the first or second since as to the first, no proof was offered, and the second has apparently been abandoned by the plaintiffs, no reference thereto being contained in their brief. In any event, it is completely devoid of merit and warrants no discussion.
That brings us to the third cause of action which seeks a judgment directing the defendant Trutnel Realty Corp. (hereinafter referred to as “ Trutnel ”) to make, execute and deliver a deed to the real property in question “ upon such terms as the Court may direct,” and as to the defendant John McCloskey, Sheriff of the City of New York, it seeks a judgment for the damages ’ occasioned to the plaintiffs by his alleged improper sale of said premises under execution and its conveyance to Trutnel.
Plaintiffs were the owners of premises 160-18 118th Road, Jamaica, New York. They made a home improvement loan *713 from the Chase Manhattan Bank which thereafter instituted an action against them for their failure to repay said loan. Judgment was entered in favor of the Chase Manhattan Bank against them on May 9, 1956, in the sum of $1,659.04, in the Municipal Court of the City of New York, Borough of Queens, Fourth District. After a transcript of said judgment was filed in the office of the County Clerk of Queens County, execution on said judgment was issued to the Sheriff of Queens County. On May 23, 1956, the Sheriff left a notice of levy at said premises, but did not in fact levy on any property of the judgment debtors — the plaintiffs herein. The premises were then locked and no one was at home. On the same day, the Sheriff forwarded a letter, addressed to the judgment debtors, reading in part as follows: ‘ ‘ telephone me within 5 days * # * judgment has to be paid or I shall be compelled to proceed with the sale of your property ”.
Thereafter and on August 10,1956 the Sheriff, without taking any further or additional steps to ascertain whether the plaintiffs, in fact, had any personalty which could be levied on, by a Sheriff’s certificate of sale sold said premises to Abcom Holding Corp. for $1,970. On November 21, 1957 a deed to said premises was delivered by Sheriff McCloskey to defendant Trutnel which had acquired the certificate by virtue of several mesne assignments.
Predicated upon the fact that no execution, notice of sale or notice of levy were ever served upon or mailed to the plaintiff Evans, who at all times was and still is a resident of Westchester County, and that no attempt had been made to secure satisfaction of the judgment out of the personal property of either of the plaintiffs, the sale by the Sheriff is sought to be set aside and the Sheriff cast in damages.
That portion of the third cause of action asking for a reconveyance by Trutnel merits but scant attention. The execution issued to the Sheriff was concededly in proper statutory form. Under such circumstances, “ It is well settled that the title of a purchaser in good faith to property sold on execution, is not affected by mere irregularities in the process.” (Place v. Riley, 98 N. Y. 1, 5.)
In that case, the sale was set aside because the process under which it was issued was void “ and the position of a bona fide purchaser under a void process is no better as against the real owner of the property, than that of one who purchased with full knowledge of its invalidity.” (Place v. Riley, supra, p. 5.) The reason why the process was held void in that ease (p. 4) was because ‘ ‘ The execution issued did not conform to the *714 statute. It commanded the Sheriff to collect the judgment out of the attached personal property of the judgment debtor, and if that was insufficient, out of his attached real property,, whereas the ease was one under the second subdivision of section 1370 [Code Civ. Pro.], by which the execution must go, first against the attached personal property, second against the other personal property of the judgment debtor, and lastly against the attached real property. We are of opinion that the execution for this reason was void.”
The distinction between the Place ease and this one is obvious. There the execution as delivered to the Sheriff did not conform to the statute; it was void ab initio and no title could pass even to a bona fide purchaser by reason of a sale made thereunder. Here, the execution was in proper statutory form and the claimed invalidity is not in its issuance or in any jurisdictional factor, but in a “ mere irregularit[y] of the process.” There is, therefore, no basis for recovery against the purchaser Trutnel which received title to the premises from the Sheriff.
The case against the Sheriff involves a construction of section 643 of the Civil Practice Act. What is the meaning and intendment of that part of the section which provides that an execution “must substantially require the sheriff to satisfy the judgment out of the personal property of the judgment debtor; and, if sufficient personal property cannot be found, out of the real property ”? What did the Legislature have in mind when it enacted this statute f Did it contemplate or intend that a Sheriff before selling a judgment debtor’s realty would, as a condition precedent, be compelled to conduct an investigation to locate and ferret out the existence of possible personal property of a debtor in Ms county (or as in this ease in the City of New York), or did the Legislature merely intend, what the language of the statute seems to indicate, that a Sheriff who has found both personal and real property must first resort to the personalty in an effort to satisfy the judgment.
The plaintiffs contend that section 643 of the Civil Practice Act charges a Sheriff with the legal duty of undertaking an investigation to locate personal property belonging to a debtor before he can with propriety sell the debtor’s real property, and that a sale by Mm of the debtor’s realty is a nullity if he makes no such investigation.
The defendants, on the other hand, contend that section 643 of the Civil Practice Act should he interpreted to mean that if to the knowledge of the Sheriff personalty and realty are both available for the satisfaction of the judgment, the personalty must first be applied.
*715 There is no such thing known in our law as an execution issued to a Sheriff against personal property only. The execution contemplated by section 643 is a single execution against both personal and real property with a direction to the Sheriff to first use personal property if found and then real property, to the satisfaction of the judgment. In this case there is no proof in the record that there ever was any personal property of the plaintiffs anywhere in the City of New York upon which a levy could be made by the Sheriff or that the Sheriff had any knowledge or notice of any personal property upon which he could levy, but failed to do so.
Plaintiffs’ contention here is, therefore, necessarily bottomed upon the assertion that regardless of whether or not there, was sufficient leviable personal property to satisfy the judgment, the visit of the Deputy Sheriff to the premises, his failure to find any leviable personal property there, his leaving a notice in writing to the plaintiffs, were insufficient as a matter of law to warrant the sale of the real property, because the Sheriff made no other effort to locate personal property belonging to the debtors, and that, in addition, the failure to issue an execution against Evans, one of the two debtors, in the County of Westchester, where he resided, invalidates the sale by the Sheriff of the debtors’ realty in Queens County.
Manifestly, the Legislature could never have intended that efforts to levy upon the debtor’s personal property in all 62 counties of the State should be exhausted before resort could be had to his realty. There is no provision of law that prevents a judgment creditor who knows that the judgment debtor has personalty in county A and only realty in county B from issuing an execution to the Sheriff of county B and selling the realty without resorting to an execution against the personal property in county A. Neither does section 643 of the Civil Practice Act require the Sheriff to exert any particular affirmative efforts to locate personal property within his territorial jurisdiction before selling the judgment debtor’s realty. All that the section requires the Sheriff to do is to sell the debtor’s personal property first if he finds any.
Here the uncontroverted fact is that the Deputy Sheriff in charge promptly attempted to make collection under the execution. On May 23, 1956 he visited 160-18 118th Road, Jamaica, New York, the premises owned by the judgment debtors (the plaintiffs herein), and finding no one at home left a notice for them describing the execution and judgment and demanding its payment to the Sheriff. He also addressed a letter to the plaintiffs at the above address asking them to telephone him *716 and advising them if the judgment was not paid he would be compelled to sell their property.
It is thus clear that the plaintiffs were aware that the Sheriff was seeking to collect on the judgment against them and they are charged with knowledge that under the law their realty was. subject to sale on execution if the Sheriff knew of no personalty of theirs upon which he could levy. Despite this, the plaintiffs failed to advise the Sheriff of any leviable personal property in Queens County which they owned and which could be applied toward the satisfaction of the judgment. Pursuant to the command of the execution issued pursuant to the statute (Civ. Prac. Act, § 643) and having found no leviable personal property in Queens County belonging to the judgment debtors and having no knowledge that they owned any such property, the Sheriff was under a duty to sell the real property in question. He had no alternative.
Though the plaintiffs allege in their complaint that they had “ sufficient personal property to satisfy the said judgment,” such allegation is negated by the record in this case. Not only did they fail to offer any evidence in support of that allegation, but it is crystal clear that it is incapable of substantiation, for when the plaintiffs were examined in supplementary proceedings shortly before the issuance of the execution, they testified that they did not own any but exempt personal property.
Plaintiff Evans was examined in supplementary proceedings on May 16, 1956; the plaintiff Bryant on May 22, 1956. The Sheriff received the execution on May 22, 1956, and he did not start advertising the realty for sale until June 15, 1956. Thus, the plaintiffs had ample notice of the intentions of the Sheriff and the judgment creditor to sell their real property. In proceeding as he did, the Sheriff did all that could reasonably be expected of him. Even if he had been able to find the plaintiffs to talk to, it does not follow that they Avould have disclosed to him any leviable personal property owned by them in Queens County since, under oath in supplementary proceedings, they denied the existence of any such property. Under such circumstances to hold the defendant Sheriff in this case liable for damages for an unauthorized sale of the debtors’ realty would place every Sheriff in the State in an untenable position and subject to a lawsuit every time he undertook to sell realty under an execution even though, perforce the statute, he had no choice in the matter.
I have been unable to find any case in this State dealing with this precise issue. The text writers and the cases in other *717 States, where this problem has arisen, have uniformly held in accordance with the conclusion that I have here reached.
The general principle of law relating to the sale, of real property under an execution in those States which require the personalty first to be levied upon and sold is aptly stated in Corpus Juris (vol. 57, Sheriffs & Constables, § 283, p. 833): ‘ ‘ where the statute requires personalty to be first levied on a sheriff does not become liable to a recovery for a misfeasance in office by levying’ on lands where the defendant in the execution had personal property to satisfy the debt, unless it appears that such property toas known and accessible to the sheriff, and that he knew it to belong to defendant, or it was pointed out to him as such ”. (Emphasis ours.)
In Freeman on Executions (vol. 2, § 279, p. 1584) the same principle of law is reiterated: ‘ ‘ Officers are, therefore, required first to levy upon personal estate, if it can be found. Practically this requirement has been of little value to the judgment debtor. It seems to be sufficient to sustain a levy upon realty that the officer making it did not, at the time, know of any sufficient personal property belonging to defendant, though such defendant had not been seen and inquired of for the purpose of obtaining information upon this subject.” (Emphasis ours.)
In Corpus Juris Secundum (vol. 33, Executions, § 100, p. 252), it is said that: “ An officer is justified in subjecting real property of the execution debtor under his writ if he has no knowledge of personal property out of which his levy might .be made, and where there is no evidence that by the exercise of reasonable diligence he could discover such property; and the officer is not bound to search for personal property beyond his bailiwick. The right to levy on real property is contingent on failure to find personal property on which to levy rather than on the nonexistence thereof.” (Emphasis ours.)
The case law on the subject bears out the above texts.
In Sloan v. Stanly (33 N. C. 627, 630-631), decided more than a century ago, where the governing statute was similar to ours, the court said: “The second objection is that the defendant in the execution had personal property which ought to have been levied on, and not the land. * * * The act of 1836, Rev. St., ch. 62, see. 16, expressly recognizes the personal property of a debtor as the primary fund for the satisfaction of a justice’s execution; nor is the officer at liberty to levy it on the land, but when no goods and chattels are to be found, or not a sufficiency to discharge it. This provision is for the benefit of the debtor, and when an officer is about to make a levy, if the debtor has personal property and wishes to save his land, *718 he must show it. If he does not, the officer commits no wrong by levying on the land in the first instance. The fact, however, disclosed by the case, that the officer did not know of the existence of the personal property, or what is the same thing, that there was no evidence to prove that he did know it, is decisive of this objection — he could not levy on that of whose existence he had no knowledge. ’ ’
In Stancill v. Branch (61 N. C. 306, 308), the same court, reaffirming the rule of law stated by it in the Sloan case (supra) said: ‘ ‘ So, if it do not appear that the officer knew of the existence of the personal property, he is justifiable in levying on the real estate.” (See, also, on this general subject and to the same effect Nelson v. Bronnenburg, 81 Ind. 193; Graves v. Merwin, 19 Conn. 96; Collins v. Ritchie, 31 Kan. 371, 374.)
Having concluded (1) that the Sheriff in this case did all that he was required to do before resorting to plaintiffs’ realty, (2) that the plaintiffs in fact had no personal property upon which the Sheriff could have levied, and (3) that even if they had such personal property, the duty of making known to the Sheriff the existence thereof was on them since they were chargeable with knowledge that under the law if no personal property were located by the Sheriff, their realty would be subject to sale on execution, there is no basis for any finding adverse to the defendant John McCloskey, Sheriff of the City of New York.
The complaint is, therefore, dismissed, but without costs, as to both defendants.
This constitutes the decision of the court in accordance with the requirements of section 440 of the Civil Practice Act. Proceed accordingly.