[No. 20048-8-I.   Division One.   September 8, 1987.]

VALERIA K. COLASURDO, *Appellant*, v. LAWRENCE G. WALDT, ET AL, *Respondents*.

*John Jones* and *Edmund J. Wood,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael Thurston, Deputy,* for respondents Waldt, et al.

SCHOLFIELD, C.J.—Valeria Colasurdo appeals from the trial court's summary dismissal of her complaint against the King County Sheriff for damages arising out of the execution sale of her residence. Colasurdo argues the court erred in finding the sheriff had no affirmative duty to search for personal property out of which to satisfy the judgment against her before levying on her real property. We affirm.

## FACTS

The following is a brief summary of the relevant facts giving rise to this action.[1]

A default judgment for $1,150.24 was entered against Valeria Colasurdo and her now deceased husband, Dominic, in 1977. Following entry of the judgment, a writ of execution was issued. Gary Culver, attorney for the judgment creditor, Washington Credit, Inc., wrote a letter to the King County Sheriff's Department, stating he was "unable to locate any personal property", and asked the sheriff to levy against the Colasurdo's residence.

At the time, it was the practice of the sheriff's department to rely upon the written representations of counsel for the judgment creditor and not to make an independent search for personal property. A deputy went to the Colasurdo residence, and finding no one at home, merely posted

---

[1] A full account of the facts leading up to the present action can be found in the court's opinion in *Miebach v. Colasurdo,* 102 Wn.2d 170, 685 P.2d 1074 (1984).

a notice of the impending sheriff's sale.

The Colasurdos' home was subsequently sold at a sheriff's sale on July 21, 1978, to Washington Credit, the only bidder, for $1,340.02. Dominic and Valeria Colasurdo were not present. The value of their property at the time of the sale was $106,000. Washington Credit conveyed its interest to Culver's solely owned mortgage holding company, and after the period of redemption expired, Culver in turn sold the property to William Miebach for $80,000.

Colasurdo's property was later returned to her following the decision in *Miebach v. Colasurdo,* 102 Wn.2d 170, 685 P.2d 1074 (1984), in which the court set aside the sheriff's sale on equitable grounds, holding that Miebach was not a bona fide purchaser for value. In the meantime, Colasurdo filed this action, alleging the sheriff was negligent in conducting the sale and that she had suffered severe emotional distress as a result. In her affidavit, Colasurdo states that, at the time of the sale, she and her husband had several bank accounts, three automobiles, and other personal property from which the judgment could have been satisfied.

From the trial court's grant of summary judgment in favor of the sheriff, this appeal timely followed.

### EXECUTION SALES—SHERIFF'S DUTY

Colasurdo contends that the sheriff had an affirmative statutory duty to conduct an independent search for personal property of the debtor before levying upon real property. Alternatively, Colasurdo contends that, because the sheriff holds a position of public trust and performs his duties for the benefit of the public, he has a duty to act reasonably to protect the interest of a judgment debtor when conducting an execution sale. She argues this duty was breached when the sheriff chose to rely upon Culver's representations that no personal property was available to satisfy the judgment, even though the sheriff was aware of prior complaints and irregularities in other execution sales involving Culver. We reject both contentions.

Although the judgment debtor's personal property was

subject to execution at common law, "[t]he liability of realty to levy and sale on execution depends entirely on statute, such liability being unknown at common law." (Footnote omitted.) 33 C.J.S. *Executions* § 33, at 163 (1942); 33 C.J.S. *Executions* § 19; *see also Alt v. Kwiatek,* 128 N.J. Eq. 469, 17 A.2d 161, 163 (1941). The current prevailing rule is that a debtor's realty is not primarily liable. Rather, the debtor has a right to have personal goods exhausted before real estate is taken. 33 C.J.S. *Executions* § 100.

▮ The sheriff's duty to the debtor is to conduct the execution sale as provided by law. *Sterling v. Colvard,* 248 Ala. 378, 225 So. 2d 790, 797 (1969). Before its amendment in 1981, the statute at issue here provided the following with regard to the form and content of a writ of execution:

The writ . . . shall be issued in the name of the state of Washington, . . . and shall be directed to the sheriff of the county in which the property is situated, . . . and shall require substantially as follows:

(1) If the execution be against the property of the judgment debtor it shall require the officer to satisfy the judgment, with interest, out of the personal property of the debtor, and if sufficient personal property cannot be found, out of his real property . . .

RCW 6.04.040.

Prior to the enactment of this statute, the Washington Supreme Court had observed that even statutes that expressly require that the sheriff shall first levy on the debtor's personal property are "rarely held mandatory; the better rule is that they are directory merely". *Whitworth v. McKee,* 32 Wash. 83, 93, 72 P. 1046 (1903). Regarding the statute at issue, one commentator observed that:

The statute directs only that personal property should be taken first, if any be found, before real estate is levied upon. The sheriff cannot be presumed to know who is the owner of all the personal property in the county, and it becomes the duty of the judgment creditor or his attorney to point out to the sheriff what property is owned by the debtor and is to be levied upon.

2 L. Orland, Wash. Prac. § 442, at 476–77 (1972).

Although no Washington court has interpreted former RCW 6.04.040 with regard to the issue presented here, in *Bryant v. Trutnel Realty Corp.*, 22 Misc. 2d 712, 193 N.Y.S.2d 533 (1959), the court construed a similar New York statute, which required that the writ of execution "'must *substantially* require the sheriff to satisfy the judgment out of the personal property of the judgment debtor; and, if sufficient personal property cannot be found, out of the real property'". *Bryant*, at 714. The court framed the issue in that case as follows:

> What did the legislature have in mind when it enacted this statute? Did it contemplate or intend that a Sheriff before selling a judgment debtor's realty would, as a condition precedent, be compelled to conduct an investigation to locate and ferret out the existence of possible personal property of a debtor in his county . . . or did the legislature merely intend, what the language of the statute seems to indicate, that a Sheriff *who has found both personal and real property* must first resort to the personalty in an effort to satisfy the judgment.

*Bryant*, at 714. The court then concluded the latter was the correct interpretation, and thus, the statute required only that the sheriff sell the debtor's personal property first, *if he found any. Bryant*, at 715.

▮ The practice of the sheriff's department when the Colasurdo residence was levied upon was to rely upon the representations of the judgment creditor's attorney that insufficient personal property of the debtor existed for execution. This policy conformed with the foregoing analysis of the sheriff's duty under the former statute. RCW 6.04.040 was first enacted in 1929. The sheriff's department followed the same policy for many years prior to the statute's amendment in 1981. We give great weight to the interpretation placed on a statute by the officials charged with its enforcement, particularly where that interpretation has been accompanied by a long period of silent acquiescence by the Legislature. *Newschwander v. Board of Trustees*, 94 Wn.2d 701, 711, 620 P.2d 88 (1980).

■ Moreover, the present statute expressly places the burden upon the judgment creditor to exercise due diligence to ascertain whether the judgment debtor has sufficient nonexempt personal property to satisfy the judgment, and if so, to file an affidavit in that regard with the court before directing the sheriff to execute upon the debtor's real property. RCW 6.04.035(4)(a), 6.04.040(1). Again, the responsible agency's construction of a statute is entitled to great weight, particularly where the Legislature subsequently amends the statute without repudiating the agency's interpretation. *Green River Comm'ty College v. Higher Educ. Personnel Bd.,* 95 Wn.2d 108, 118, 622 P.2d 826, *adhered to and modified,* 95 Wn.2d 962, 633 P.2d 1324 (1980).

In short, there is no support for Colasurdo's contention that the sheriff had an affirmative statutory duty to either search for personalty out of which to satisfy the debt before levying upon her real property or to ensure that a good faith search had been made by the judgment creditor. Moreover, we note that in none of the cases cited by Colasurdo from other jurisdictions, whose statutes place such an affirmative duty on the sheriff, was the sheriff held civilly liable for failing to search for a debtor's personalty. *See, e.g., Blasingame v. Wallace,* 32 Ariz. 580, 261 P. 42 (1927); *Raniere v. I & M Inv. Inc.,* 159 N.J. Super. 329, 387 A.2d 1254 (1978).

Additionally, Colasurdo contends the sheriff had a common law duty of due diligence in the protection of her interest in the execution sale. She argues that the sheriff's reliance upon Culver's representations in light of knowledge of prior complaints by debtors of misuse of the execution process by Culver was unreasonable and constituted a flagrant breach of the sheriff's duty. However, assuming arguendo that such a duty exists, we find no support in the record for Colasurdo's contention.

In his affidavit, the former deputy sheriff who supervised execution sales merely states that he regularly saw Gary Culver at sheriff's sales. In another affidavit, an attorney

not involved in this case details efforts she made on behalf of a client to redeem real property sold on execution from Culver, who she claims charged unauthorized expenses, including attorney's fees. The attorney states the sheriff's department would not cooperate in the dispute by providing her with a redemption figure, but rather referred her to Culver. This affidavit merely shows in addition that the sheriff's department was aware of a lawsuit between Culver and another attorney over the redemption rights. There is no allegation of impropriety by Culver in the execution sale itself.

The other evidence before the court was that Culver was known to sheriff's department personnel as an attorney in good standing whose written and oral statements as to the availability of personal property upon which to levy execution were considered true and accurate. The legal advisor for the sheriff's department states in his affidavit that, although Culver was known to frequently buy and sell property which had been executed upon and the sheriff's department scrutinized his activities, he was never found to have violated the Washington statutes.

When reviewing a summary judgment, this court engages in the same inquiry as the trial court, *Hartley v. State,* 103 Wn.2d 768, 698 P.2d 77 (1985), and considers all reasonable inferences from the facts in the light most favorable to the nonmoving party when determining whether a genuine issue of material fact exists. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). With this standard of review in mind, we find that Colasurdo failed to raise a material issue of fact regarding the sheriff's alleged knowledge of prior improprieties in execution sales involving Culver.

In conclusion, Colasurdo failed to establish that the sheriff's department had an affirmative duty, statutory or otherwise, to determine whether she had personal property out of which the debt could have been satisfied before levying upon her real property.

264

The judgment of the trial court is affirmed.[2]

GROSSE and PEKELIS, JJ., concur.

---

[2]Our decision in this case makes it unnecessary for us to address the remaining theories advanced by the sheriff.