[No. 16320.  Department Two.  July 30, 1921.]

*In the Matter of the Estate of* ANTON ADLER.
MOLLIE ADLER, *as Administratrix etc., Respondent,* v.
SCANDINAVIAN-AMERICAN BANK, *Appellant.*[1]

EXECUTORS AND ADMINISTRATORS (146)—SET-OFF AND COUNTER-CLAIM—PRESENTATION OF CLAIM. The right of a bank under Rem. Code, § 268, to set off the debt of a decedent to it against the deposit of the decedent in the bank would not in any way be affected or altered by the fact that the bank deposit of the decedent had been shifted to the name of his personal representative prior to the assertion of the set-off.

SAME (146)—BANKS AND BANKING (22)—DEPOSITS—SET-OFF—APPLICATION OF DEPOSITS TO DEBTS DUE BANK. Under Rem. Code, §§ 266, 268, a right of set-off against an executor who brings action upon a claim due the deceased exists without the presentation of any claim under the statute of non-claim; and the statute of non-claim requiring an action on a rejected claim within thirty days does not apply, although a claim was presented and rejected on the set-off demand before suit by the executor.

SAME (146)—BANKS AND BANKING (22)—DEPOSITS—SET-OFF. Where a personal representative continued the bank account of her decedent, had it changed to her own name, and deposited in the account funds coming to her as administratrix, the right of the bank to set off against the deposit a debt of the decedent to it would not extend beyond the amount of the deposit at the time of the debtor's death.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 23, 1920, upon findings in favor of the plaintiff, in an action to recover a deposit in a bank, tried to the court. Reversed.

*Ballinger, Battle, Hulbert & Shorts,* for appellant.
*Rummens & Griffin,* for respondent.

MITCHELL, J.—Mollie Adler, as administratrix of the estate of Anton Adler, deceased, and the Scandinavian-

[1]Reported in 199 Pac. 762.

American Bank of Seattle, Washington, are the parties to this controversy. Upon stipulation of the parties, the trial court made findings of fact which are substantially as follows: Anton Adler died intestate on December 1, 1919, possessed of an account, subject to check, of $4,331.11 in the Scandinavian-American Bank; the bank being the owner and holder of a promissory note in the sum of $5,000 made by Anton Adler to the bank on October 1, 1919, due December 30, 1919. On December 9, 1919, Mollie Adler, the surviving spouse, was appointed and qualified as administratrix of the estate of Anton Adler. After his death and prior to her being appointed administratrix, she caused to be deposited in the bank in the checking account of Anton Adler the further sum of $917, making a total of $5,248.11 in that account at the date she qualified as administratrix, whereupon, on her application, the account was transferred on the books of the bank from the name of Anton Adler to the name of Mollie Adler, administratrix of the estate of said deceased. Thereafter she made daily deposits and withdrawals for the use and benefit of the estate until June 3, 1920, at which time there was $4,975.60 in the account, all of which belonged to the estate.

Subsequent to prompt notice to creditors, the bank presented to the administratrix its duly verified creditor's claim in the sum of $5,000, based on the promissory note then due. Some months later, not having received any notice of what action the administratrix had taken upon its claim, and having learned that the Adler estate was insolvent, the bank gave notice, on June 3, 1920, to the administratrix that it applied the $4,975.60 in the checking account as a credit on the $5,000 note due the bank. On June 2, 1920, the administratrix endorsed her approval on the creditor's claim of the bank without giving the bank any notice thereof,

and upon receiving notice on June 3, 1920, from the bank that it had applied the checking account of the administratrix as a credit on the note, the administratrix promptly cancelled her former approval of the creditor's claim and so notified the bank on June 4, 1920. On June 11, 1920, the administratrix served on the bank her written rejection of the bank's creditor's claim based on the note. On June 15, 1920, the administratrix made and presented to the bank for payment her check in the sum of $4,975.60, which was refused by the bank upon the claim that it had already been appropriated by the bank according to its former notice. Claims allowed and approved against the estate aggregate $50,000, while the assets of the estate do not exceed $27,500. The bank has not instituted any action upon its rejected claim.

On August 16, 1920, the administratrix commenced this action against the bank to recover the sum of $4,975.60, claimed to have been wrongfully appropriated by the bank. The trial court concluded the bank was without right in applying the deposit on the note, and that since it had not commenced any action against the estate within thirty days after notice of the rejection of its claim on the promissory note, that the claim was barred. Upon the findings and conclusions, a judgment was entered against the bank in the sum of $4,975.60, from which it has appealed.

It has been seen that the bank gave notice of its application of the deposit as a credit on the note prior to notice of any action by the administratrix on the bank's creditor's claim, prior to the rejection of the claim by the administratrix, after the bank had learned of the insolvency of the estate, and after the maturity of the note due to the bank. It did not sue the estate or its representative, but only set off the note when it was sued by the administratrix.

Section 268, Rem. Code, provides:

"In actions brought by executors and administrators, demands against their .testators and intestates, and belonging to defendant at the time of their death, may be set off by the defendant in the same manner as if the action had been brought by and in the name of the deceased."

Section 266, Rem. Code, so far as it is material here, provides:

"The defendant in a civil action upon a contract expressed or implied, may set off any demand of a like nature against the plaintiff in interest, which existed and belonged to him at the time of the commencement of the suit. . . ."

In the case of *Fishburne v. Merchants Bank of Port Townsend,* 42 Wash. 473, 85 Pac. 38, in construing these statutes, it was held that, in an action by an administrator to recover the amount of the check account of the decedent at the time of his death, the bank was entitled to set off a note belonging to it at the time of the death of the deceased, which matured after such death but before the commencement of the action, without the bank's having presented any claim therefor against the estate, being limited to the extinguishment of the debt sued on if no claim had been presented against the estate, and that the special statute of limitation within which an action must be commenced upon a claim rejected by an executor or administrator does not apply as to such set-off.

That the presenting of a claim to an executor or administrator is not a prerequisite to asserting it as a set-off, provided the obligation had matured and was existing and belonged to the defendant at the time the action was commenced against him, was later declared in *Mendenhall v. Davis,* 52 Wash. 169, 100 Pac. 336, and *Hanson v. Northern Bank & Trust Co.,* 98 Wash.

124, 167 Pac. 97. The statute provides for a set-off in such cases, that is, where the action is brought by the legal representative of the deceased person—in the same manner as if the action had been brought by and in the name of the deceased, that is, in the same manner as if the person deceased were yet alive and brought the action in his own name, for an amount personally due to him.

It is contended by the respondent, however, that the rule is applicable in those cases only where the deposit remains upon the bank's books in the name of the decedent until the time the suit against the bank is commenced, and that it does not apply in the present case because the deposit was changed or transferred from the name of Anton Adler, thus extinguishing the relation of debtor and creditor between them, to the name of Mollie Adler as administratrix, thus creating the relation of debtor to her as its creditor. Concerning the change of the name of the creditor, caused by the transfer of the account to the administratrix, as affecting the right of the bank to use its set-off, it was, we think, unimportant and immaterial. Strictly or legally speaking, upon the death of Anton Adler the bank was no longer his debtor, for he was non-existent. The bank continued the debtor, but it was, after his death, the debtor of his estate to be represented legally by an appointment suggested by the law and to be made by the court. After the appointment was made, the individual name of the creditor then became known, but the process or change in name upon the books of the bank in no way disturbed the bank's right to assert or interpose a set-off in an action brought by the only one entitled to sue, the legal representative of the bank's original creditor.

The other argument of the respondent upon this feature of the controversy is that, upon transferring

the account to the name of the administratrix, she, as such creditor, became the owner of the amount due by the bank as a trustee for the benefit of all parties interested in the estate, and that to allow the set-off, the estate being insolvent, would prevent the enforcement of other statutes with reference to priorities and the pro rata distribution of the estate. But the answer is that the deposit of $4,331.11, on hand at the date of Anton Adler's death, later placed to the credit of the administratrix in his stead, was not a trust fund at the time it was received by the bank. The set-off was the matured note of Anton Adler due the bank, and interposed in an action by the legal representative to collect from the bank a deposit that had, in part, been made by Anton Adler in his individual right. This distinction marks the difference in the relation of the original deposit to the right of a set-off as compared with the remainder of the total deposits of $4,975.60 involved in this suit. That is, the bank may apply the debtor's deposits on his debts as they become due. 7 C. J., Banks and Banking, p. 653, § 351. Continuing, the same authority says: ''While the universal recognition of this rule has led the courts, on a few occasions, to make a general statement to the effect that a bank has a lien on deposits, the more accurate view appears to be that this right of a bank is not really in the nature of a lien but is rather a right of set-off or application of payments.'' See, also, *Furber v. Dane,* 203 Mass. 108, 89 N. E. 227. This theory is tersely put and illustrated in the case of *Wynn v. Tallapoosa County Bank,* 168 Ala. 469, 53 South. 228, to the effect, that the word ''lien'' is inaptly applied to a general deposit which is the property of the bank itself, but can properly be applied to special deposits of chattels, choses in actions, valuables, etc.

Finding that this right of the bank is not in the nature of a lien, but rather a right of set-off or application of payments, and that it relates to deposits made by the debtor, it follows that the rule of application of payments or set-off does not apply where the money received by the bank is of a fiduciary character and deposited by one other than the party whose individual indebtedness the bank seeks to set off.

In the present case, the original amount of $4,331.11 was deposited by Anton Adler as his individual funds and is applicable to the satisfaction of his individual debt, while the difference between that amount and the $4,975.60 embraced within the judgment, to wit, $644.49, was, within the knowledge of the bank, deposited and held by the administratrix in a fiduciary capacity and is not thus applicable, nor does it constitute a liability of the bank of that character against which it may set off the individual liability of Anton Adler. We must and do conclude from the findings made by the trial court that, at all times after the transfer of the original account to the administratrix, she had not less than $4,331.11 to her credit in the bank, and that to that extent the bank had the right to set off the note, but as to the remainder, viz, $644.49, no such right existed.

Reversed, with directions to enter judgment accordingly.

PARKER, C. J., FULLERTON, MAIN, and TOLMAN, JJ., concur.