[No. 18153.    Department One.    December 14, 1923.]

C. F. HARDING, *Administrator, Respondent,* v.
AMERICAN STATE BANK, *Appellant.*[1]

CHATTEL MORTGAGES — FORECLOSURE—NECESSITY—AGREEMENT FOR SALE—APPLICATION OF PROCEEDS. In the absence of fraud or undue influence, the mortgagee in a chattel mortgage is not compelled to foreclose the mortgage but may agree with the administrator of the mortgagor's estate that the property be sold without foreclosure and the proceeds applied upon the debt.

EXECUTORS AND ADMINISTRATORS (77)—FILING CLAIMS—NECESSITY —SECURED CREDITORS. One secured by a chattel mortgage need not file a claim against the mortgagor's estate in order to realize upon and apply the security.

Appeal from a judgment of the superior court for Adams county, Brinker, J., entered January 26, 1923,

[1]Reported in 221 Pac. 599.

upon findings in favor of the plaintiff, in an action to recover a bank deposit, and for conversion, tried to the court. Reversed.

*G. E. Lovell* and *E. A. Davis,* for appellant.

*John A. Peacock* and *W. O. Miller,* for respondent.

Mackintosh, J.—The respondent, as administrator of the estate of his deceased father, in this action against the appellant bank, sets out two causes of action in his complaint; in the first, alleging that the bank had received, at divers times between August 20, 1920, and February 1, 1922, various deposits from the respondent, as administrator, and that, on the last named date, $5,124.46 remained on deposit, and that the bank had refused to pay this amount, or any part thereof, to the respondent. The second cause of action states that, at divers times and places, the respondent, as administrator, had delivered to the appellant certain promissory notes, the property of the estate, and that the bank had converted them and retained the proceeds, amounting to $5,270.30, and refused to pay that amount upon demand.

A great deal of irrelevant matter made its appearance in the trial of this case, but in spite of this the facts are very simple and present the following situation: O. G. Harding, on November 1, 1919, made a chattel mortgage to the appellant, covering a great amount of personal property located on his farm in Adams county, together with a mortgage upon the crop to be grown thereon during the year 1920. The mortgage was properly filed on November 8, 1919, and states that it was given to secure the sum of $10,000, evidenced by two notes of $5,000 each, dated November 5, 1919, and payable one year after date, with interest at ten per cent per annum. In August, 1920, O. G.

Harding died, and the respondent was soon thereafter appointed administrator of his estate. The appellant and the respondent considered what was most advantageous to do for all concerned in regard to the chattel mortgage. Both parties were consulting, so far as the legal phase of this matter is concerned, the same attorney. The result of the consideration was that, on October 19, 1920, a public sale was made of the mortgaged personal property, under an arrangement whereby the proceeds of such sale should be applied upon the mortgage debt. The mortgaged wheat was sold under a similar arrangement. At no time has any suggestion been made that the sale did not take place under the most advantageous conditions and that a fair and adequate price was not obtained. As a matter of fact, the record shows that the sale was an exceptionally good one from the standpoint of both parties to this litigation. The amount received from the wheat was $4,750, and from the personal property, cash in the sum of $2,875 and notes in the amount of $3,470.30. The appellant, under the arrangement, was entitled to retain all and apply it upon its mortgage. It, however, merely retained notes for $2,320.30 and applied them at their face value to the indebtedness and returned to the respondent, as administrator, out of the cash received all but the amount sued for in the first cause of action. (To avoid confusion, we are not discussing a deposit on hand at the time of Harding's death about which there is no controversy.)

The only question in the case is whether the mortgagee in a chattel mortgage is compelled to foreclose his mortgage, or whether he can agree with the administrator of the estate of the mortgagor that foreclosure is not necessary and provide that the mortgaged property may be sold without foreclosure and

the proceeds applied upon the debt. In the absence of fraud, undue influence, or some similar inducing cause, and where the sale has resulted beneficially to all concerned, we see no reason why such an arrangement cannot be made. In fact, this court, in *In re Spark's Estate*, 101 Wash. 462, 172 Pac. 545, so held, and also disposed of the other question raised by the appellant here regarding the necessity of filing a claim, in that case holding that secured creditor was under no such obligation. It is apparent, therefore, that no ill resulted to the respondent from the fact that the same attorney was representing him and the appellant, as they both knew, for the advice that such a sale was legal was correct, and, as we have already noticed, the sale was advantageous.

On the second cause of action it appears that the face value of notes for $2,320.30, taken at the sale, was applied upon the mortgage indebtedness, although the testimony shows the real value of those notes was far less than their face value, and thereby the Harding estate has profited much more than it would have were the appellant either called on to account for the value of those notes or to return them. The difference between the $2,320.30 and the $5,270.30, sued for in the second cause of action, is made up of two notes for $1,100 which have been cancelled by the respondent because of respondent's inability to deliver the property for which they were taken, and one note for $1,800 which the bank held at the time of Harding's death as collateral under another obligation of the deceased, which obligation the bank now claims is paid and offers to return to the respondent this collateral note. The trial court was in error in holding that the sale in October, 1920, was not lawful, and in holding that, under *Adler v. Scandinavian-American Bank*, 116 Wash.

484, 199 Pac. 762, the bank was not entitled to apply the proceeds of that sale upon the indebtedness to it. The facts in this case are dissimilar to those in the *Adler* case. There the bank was attempting to set off against the debt due it money deposited in the bank by the administrator of the debtor. Here the bank is not in that position; it is merely applying on a mortgage indebtedness the proceeds of the sale of the mortgaged property, not received by the bank as a deposit of the administrator and part of the estate, but received by the bank as its own property, applicable to the reduction of its debt.

The judgment is reversed, with directions to enter judgment in favor of the appellant upon the respondent's first cause of action, and in favor of the respondent upon his second cause of action for the return of the three notes, one for $600, known as the Appel note, one for $550, known as the Trevasser note, and one for $1,800, known as the Fitzpatrick note.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.