[No. 20086–1–I.   Division One.   September 19, 1988.]

A.J. MUELLER, *Appellant,* v. JOHN ROBERT RUPP, *Respondent.*

*Dennis Jordan,* for appellant.

*Robert O. Dire* and *Dire, Odell & Haugen,* for respondent.

SWANSON, J.—A.J. Mueller appeals the superior court order which vacated the sheriff's sale of the lien interest of John Robert Rupp (Rupp) in the family home, which lien was awarded to Rupp by the dissolution decree which terminated his marriage to Sharon Rosalie Rupp. The sole issue in this appeal is whether the trial court erred in vacating the sheriff's sale of the respondent's lien interest in the family residence because the statutory procedure for executing against real property was not followed.

Under the divorce decree which terminated the Rupp marriage and which incorporated the parties' property settlement agreement as modified by a subsequent agreed order, the wife was awarded the family home subject to the

existing mortgage and the husband's lien, and Rupp was awarded a lien against the home for one-half of the equity when the home was sold on the youngest child's 18th birthday.

Lease and Industrial Collectors, Inc., the assignee of a judgment against John and Sharon Rupp, executed upon the judgment against Rupp's lien interest in the family home, purchased the interest at the sheriff's sale for $5,000, and assigned the interest to A.J. Mueller. Mueller brought an action to establish her exclusive ownership of Rupp's lien interest, and Rupp moved to vacate the sheriff's sale on the basis that former RCW 6.04.035's procedure for executing against real property was not followed. The trial court vacated the execution sale after concluding that Rupp's interest in the family home was not converted to personal property by the property division in the divorce decree, as modified by the agreed order. In arriving at its decision, the trial court noted in its memorandum opinion that Rupp's interest lay somewhere between a mortgagee's interest and a cotenant's interest.

Former RCW 6.04.040(1)[1] states that a writ of execution, among other things,

> shall require substantially as follows:
> (1) If the execution be against the property of the judgment debtor it shall require the officer to satisfy the judgment, with interest, out of the personal property of the debtor unless an affidavit has been filed with the court pursuant to RCW 6.04.035, in which case it shall require that the judgment, with interest, be satisfied out of the real property of the debtor.

Former RCW 6.04.035[2] provides that before a writ of execution may issue on real property, the judgment creditor must file an affidavit stating, among other things, that "the judgment creditor has exercised due diligence to ascertain if

---

[1]In 1987 former RCW 6.04.040 was amended and recodified as RCW 6.17.110. Laws of 1987, ch. 442, §§ 411, 1121, p. 1818, 1898.

[2]Former RCW 6.04.035 was amended and recodified as RCW 6.17.100 by Laws of 1987, ch. 442, §§ 410, 1121, p. 1817, 1898.

the judgment debtor has sufficient nonexempt personal property to satisfy the judgment with interest . . ." Former RCW 6.04.035(1)(a); *see Miebach v. Colasurdo,* 102 Wn.2d 170, 178, 685 P.2d 1074 (1984); *Colasurdo v. Waldt,* 49 Wn. App. 257, 262, 752 P.2d 920 (1987).

Mueller argues that the trial court erred in vacating the sheriff's sale of the respondent's lien interest in the family home on grounds of noncompliance with former RCW 6.04-.035 since this statute applies to execution sales involving real property, and the respondent's lien interest was personal property. Rupp contends that in light of former RCW 6.04.040's apparent purpose to protect debtors' rights in real property and the fact that he executed no deed transferring the real property to Sharon Rupp, his interest was not personal property but rather an undivided interest in the family realty of which the wife was awarded exclusive use and possession under the divorce decree and subsequent modification agreement.

It is undisputed that the proper procedure for executing upon personal property was followed so that the trial court's vacation of the sheriff's sale of Rupp's lien interest in the family home was error if that interest was in fact personal, not real, property.

The June 21, 1978, property settlement agreement between the respondent and his then wife, which agreement was incorporated into the decree terminating their marriage, provides in part:

1. John shall be awarded as his sole and separate property and Sharon does hereby agree to release her right[,] title and interest to said property as follows:

. . .

f. Lien against the family home, for one–half the equity in the event that the family home is sold or one year after the youngest child is eighteen years of age, whichever is sooner.

2. Sharon shall be awarded as her sole and separate property and John does hereby release his right[,] title and interest to said property as follows:

    a. Family home located at 4608 – 223rd S.W., Montlake Terrace, Snohomish County, Washington 98043 and legally described as:
       Lot 59, Montlake Terrace No. 41, Recorded in Volume 15 of Plats, on page 66 Records of Snohomish County, State of Washington
and subject to the mortgage thereon and subject to the lien in favor of John as indicated above[.]

The divorce decree was later modified by an agreed order which provided for placing the family residence on the market for sale on the youngest child's 18th birthday, with both parties agreeing on the sale price. In addition, the mortgage was to be paid from the sale proceeds, and both parties were to share equally the sale costs and the net sale proceeds.

The property division involving the family home in the instant case is similar to the court's property division in *In re Marriage of Freedman*, 35 Wn. App. 49, 50, 665 P.2d 902, *review denied*, 100 Wn.2d 1019 (1983), wherein the family home was awarded to the wife.

    In an effort to balance the prior division, the court awarded [the husband] a $45,000 lien against the family home. The lien was to be satisfied upon the earliest of the sale or exchange of the home, 1 year after the remarriage of [the wife], or upon the younger child attaining the age of 18.

*Freedman*, at 51.

Similarly, in *Byrne v. Ackerlund*, 108 Wn.2d 445, 446, 739 P.2d 1138 (1987), the dissolution decree awarded a real property parcel to one spouse and liens on that property to the other spouse. The property settlement agreement, which contained similar language to the decree, included a stipulation that the wife receive "'one–half of the excess of the net proceeds of the sale or other disposition of the said realty over $16,500 for which . . . [she] shall be awarded a lien" on the property. *Byrne v. Ackerlund, supra.* In the instant case the divorce decree modified by the agreed order awarded to the respondent one–half of the net proceeds upon the sale of the family residence when the

youngest child turns 18, with the future payment secured by a "[l]ien against the family home."

> A lien is an encumbrance which one person has upon the property of another as a security for some debt or charge. . . .
> . . . However, it confers no general right of property or title upon the holder; on the contrary, it necessarily supposes the title to be in some other person."

(Citation omitted.) *Swanson v. Graham,* 27 Wn.2d 590, 597, 179 P.2d 288 (1947); *accord, In re Marriage of Young,* 44 Wn. App. 533, 536, 723 P.2d 12 (1986). "A lien is merely an encumbrance to secure an obligation and involves no characteristics of co–ownership." *Byrne v. Ackerlund, supra* at 450.

*Byrne,* at 449, distinguished a lien/title division of interests in property from a tenancy in common disposition which *Shaffer v. Shaffer,* 43 Wn.2d 629, 630–31, 262 P.2d 763 (1953), found to be a failure of the dissolution court's duty definitely and finally to determine the parties' respective property interests without the prospect of future litigation. According to *Byrne,* at 449–51, a lien/title property disposition satisfies *Shaffer*'s requirement of a definite and final determination of property interests where the arrangement is by the parties' agreement and where the lien's value is fixed at a specific dollar amount or by a mathematical formula and the right to collect upon the lien is enforceable upon the occurrence of a particular operative event such as the sale of the property so that the prospect of future litigation is less likely. The lien/title property division in the instant case satisfies *Shaffer*'s mandate.

The divorce decree here, which incorporated by reference the parties' property settlement agreement, in unambiguous language awarded to the wife the family home "as her sole and separate property" to which the respondent did "release his right[,] title and interest." *See Kshensky v. Pioneer Nat'l Title Ins. Co.,* 22 Wn. App. 817, 818 n.1, 820, 592 P.2d 667, *review denied,* 92 Wn.2d 1025 (1979). Like the dissolution decree in *Byrne v. Ackerlund, supra* at 446,

the decree here awarded real property to one spouse, specifically, the wife (and a lien on that property to the other spouse). Thus the fact that no affirmative words of conveyance such as "deed, convey, assign, [or] quit–claim," Clerk's Papers, at 9, were used is immaterial.[3]

In *Northern Comm'l Co. v. E.J. Hermann Co.*, 22 Wn. App. 963, 967–68, 593 P.2d 1332 (1979), the court recognized that under the divorce decree the former wife had a lien against the real property awarded to the husband even though at the time of the subsequent execution upon the property, title to the property was still held as of record by both parties, *Northern Comm'l Co.*, at 966. *Northern Comm'l Co.*, at 970, concluded that the underlying judgment obtained by a creditor on a former community obligation was void as to the former wife because of a lack of personal notice of the action required by due process and, at pages 968, 973, upheld the trial court's determination that the execution sale did not affect the former wife's interest which the majority found to be that of an equitable lien imposed on the husband's real property to secure future property settlement payments.

█ A lien, like a mortgage, is a chose in action. *In re Estate of Adler*, 116 Wash. 484, 489, 199 P. 762 (1921); *Congregational Church Bldg. Soc'y v. Scandinavian Free Church*, 24 Wash. 433, 436–37, 64 P. 750 (1901); *see John Davis & Co. v. Cedar Glen # Four, Inc.*, 75 Wn.2d 214, 221–22, 450 P.2d 166 (1969). A chose in action is personal property.[4] *E.g., In re Estate of Plasterer*, 49 Wn.2d 339,

---

[3]No argument has been made or legal authority cited that the fact that the modification order required the respondent's agreement on the sale price affected the nature of his interest in the family home.

[4]In *Northern Comm'l Co. v. E.J. Hermann Co.*, 22 Wn. App. 963, 970 n.6, 593 P.2d 1332 (1979), the court noted in dictum that even if the underlying judgment against the former wife's lien interest in the subject property were valid, the sole notice of the sheriff's sale given by posting pursuant to former RCW 6.24.010 (amended in 1981 and 1984 and recodified as RCW 6.21.020 in 1987) was constitutionally suspect where the creditor knew of the alleged debtor's whereabouts and was in fact negotiating satisfaction of the claim.

341, 301 P.2d 539 (1956); *Ennis v. Ring,* 49 Wn.2d 284, 289, 300 P.2d 773 (1956).

The fact that under RCW 65.08, the recording statute, "real property" is defined to include mortgage liens, RCW 65.08.060(1);[5] *Berger v. Baist,* 165 Wash. 590, 596, 598, 6 P.2d 412 (1931), does not affect the meaning of "real property" as it is used in former RCW 6.04, the execution statute. RCW 65.08.060(1) expressly limits the definition of real property therein to RCW 65.08.060 through 65.08.150. "Absent a statutory definition, words of a statute must be accorded their ordinary meaning." *Davis v. Department of Empl. Sec.,* 108 Wn.2d 272, 277, 737 P.2d 1262 (1987). Former RCW 6.04 contains no statutory definition of "real property." Thus as used in former RCW 6.04.035 and .040, the applicable statutes here, "real property" has its ordinary meaning: "Land, and generally whatever is erected or growing upon or affixed to land", Black's Law Dictionary 1096 (5th ed. 1979). The respondent's lien against the family home, as a chose in action, is not real property under former RCW 6.04.035 and .040.[6] Since the respondent's lien interest is personal, not real, property, the trial court erred in reversing the execution sale on grounds that the requirements for executing against real property were not met.

---

Since notice by posting alone under former RCW 6.24.010 was applicable only to personal, not real, property, the *Northern Commercial* court implicitly recognized that the lien interest was personal property since it did not state that the improper statutory procedure had been followed.

[5]RCW 65.08.060(1) provides:

"The term 'real property' as used in RCW 65.08.060 through 65.08.150 includes lands, tenements and hereditaments and chattels real and mortgage liens thereon except a leasehold for a term not exceeding two years."

[6]At common law a chose in action was not subject to execution; however, in most of the states, as in Washington, the common law has been abrogated by statute, in this state by former RCW 6.04.060. *See Johnson v. Dahlquist,* 130 Wash. 29, 31, 32, 225 P. 817 (1924); *Safeco Ins. Co. of Am. v. Skeen,* 47 Wn. App. 196, 201, 734 P.2d 41, *review denied,* 108 Wn.2d 1019 (1987).

The respondent's reliance on *Miebach v. Colasurdo,* 102 Wn.2d 170, 685 P.2d 1074 (1984) is misplaced. *Miebach,* at 177–79,

> held that a sheriff's sale may be set aside on equitable grounds where (1) the buyer or his successor is not a bona fide purchaser, (2) the price paid for the property is grossly inadequate, and (3) there are "irregularities" surrounding the sale, such as a failure on the part of the creditor to seek satisfaction of the debt from personal property before executing against real property.

*Casa del Rey v. Hart,* 110 Wn.2d 65, 69, 750 P.2d 261 (1988).

In the instant case the respondent claims that the appellant was not a bona fide purchaser of the respondent's property since she had notice of the respondent's claim of right to, or equity in, his lien interest so that the sale of his lien interest should be set aside on equitable grounds under *Miebach v. Colasurdo, supra.* However, even assuming that the appellant was not a bona fide purchaser, the respondent has failed to show that unfair circumstances require setting the sale aside on equitable grounds since the duty to exercise due diligence to find out whether the debtor has personal property to satisfy the judgment plus interest is inapplicable where the property levied upon and sold at an execution sale is personal property, *see* former RCW 6.04-.035; *Casa del Rey v. Hart, supra* at 72–73; *Miebach v. Colasurdo, supra* at 178–79.

The order vacating the sheriff's sale is reversed and set aside.

COLEMAN, A.C.J., and PEKELIS, J., concur.