**In re Connie BUMPASS, Debtor.**

**Bankruptcy No. 95–13771.**

United States Bankruptcy Court,
E.D. Tennessee,
Southern Division.

June 7, 1996.

Barbara Arthur, Rossville, Georgia, for Debtor.

782

Richard Klingler, Kennedy, Fulton, Koontz & Farinash, Chattanooga, Tennessee, for Trustee.

## MEMORANDUM

R. THOMAS STINNETT, Bankruptcy Judge.

This Chapter 7 case is before the court on the objection by the bankruptcy trustee to an exemption claimed by the debtor, Connie Bumpass. The debtor claimed an exemption in the property as personal property. The trustee contends the property is real property and the debtor cannot exempt it under the homestead exemption, which is the only exemption available to the debtor for real property. The parties have stipulated the essential facts.

While the debtor was married to Frank Allen Bumpass, they owned a home as tenants by the entirety located in Chattanooga, Tennessee. They were divorced on October 19, 1994, when the state court entered the divorce decree. The divorce decree approved and incorporated a settlement agreement between the debtor and Mr. Bumpass. With regard to the property in question, the settlement agreement provided:

> The parties own real estate at 320 Tunnel Blvd., Chattanooga, Tennessee. The husband agrees to pay the wife 1/2 the equity in the home when it is sold or upon his obtaining financing to purchase the wife's equity [which shall be within two years from the date the final decree is entered] which is defined as the fair market value of the property less the mortgage closing costs, etc.

The parties added the bracketed language by interlining.

Mr. Bumpass has continued to occupy the property since the divorce. The debtor does not live there. The parties stipulated the debtor is not entitled to a homestead exemption in the real property itself. In her bankruptcy case the debtor scheduled her interest in the property as personal property and claimed an exemption in her interest as personal property.

The debtor relies on the general personal property exemption. *Tenn.Code Ann.* § 26–2–102. The statute allows a debtor to exempt any personal property up to the aggregate value of $4,000. The federal exemptions under 11 U.S.C. § 522(d) are not available. 11 U.S.C. § 522(b)(1); *Tenn.Code Ann.* § 26–2–112. The debtor contends the divorce decree and settlement converted her interest in the real property into personal property.

If a married couple owns property as tenants by the entirety, a divorce makes them tenants in common, unless the divorce decree or a contract between them makes some other arrangement. *See e.g. Hopson v. Fowlkes,* 92 Tenn. 697, 23 S.W. 55 (1893); *Clouse v. Clouse,* 185 Tenn. 666, 207 S.W.2d 576 (1948).

The divorce decree and settlement did more than simply leave the debtor and Mr. Bumpass as tenants in common. Mr. Bumpass is required to pay the debtor one-half the equity in the property when he sells it or to obtain financing and pay her one-half the equity. The decree and settlement define "equity" for this purpose. He has two years to comply with the decree.

The decree and settlement obviously intended the payment as a substitute for any interest the debtor might have retained in the property after the divorce. Ownership includes certain rights; two of the basic rights are the right to possession and the right to disposition. *Gracey v. Maddin,* 769 S.W.2d 497, 500 (Tenn.App.1989); *State ex rel. Elvis Presley International Memorial Foundation v. Crowell,* 733 S.W.2d 89, 97 (Tenn.App.1987); John L. Harbison, *Hohfeld and Herefords: The Concept of Property and the Law of the Range,* 22 N.M.L.R. 459, 481. These two important rights of ownership were taken from the debtor by the divorce decree and settlement; she was left with the right to payment of one-half the equity.

In the court's opinion, the divorce decree and settlement resulted in an *equitable conversion* of the debtor's interest from real property to personal property.

Generally, under the maxim that equity will regard as done that which ought to be done, an equitable conversion is effected when, but only when, there comes into play

an enforceable obligation to perform some act which would effect a change in the nature of the property. *Mullins v. Evans,* 43 Tenn.App. 330, 308 S.W.2d 494, 498 (1957).

■ For example, when the owner of real property has made a valid and enforceable contract to sell it, equitable conversion occurs. The owner is subject to an enforceable obligation to convert the real property into money. The owner's interest becomes personal property—the right to payment of the purchase price—and the buyer is treated as owner of the real property. *Wheless v. Wheless,* 92 Tenn. 293, 21 S.W. 595 (1893); *Campbell v. Miller,* 562 S.W.2d 827 (Tenn. App.1977); *Bates v. Dennis,* 30 Tenn.App. 94, 203 S.W.2d 928 (1946).

■ The direction to convert the property into money need not be contained in a sale agreement or a will. The direction may be made by will, deed, settlement, or other contract. *Wheless v. Wheless,* 92 Tenn. 293, 295, 21 S.W. 595 (1893). The settlement between the debtor and Mr. Bumpass is not only a contract between them. The state court incorporated the settlement into the decree so that it became part of the court's judgment, "final and unchangeable as any other court judgment, and not subject to modification except for fraud and other grounds upon which any judgment may be attacked." *Vanatta v. Vanatta,* 701 S.W.2d 824, 827 (Tenn.App.1985). A court order may result in equitable conversion. 18 C.J.S., Conversion § 22 (1990). In *Roselin v. Roselin* the court held that equitable conversion occurred when the trial court ordered the ex-husband to sign a sale contract for the former marital home. *Roselin v. Roselin,* 208 N.J.Super. 612, 506 A.2d 789 (App.Div. 1986). "The manner of the direction [to convert the property], whether by will, contract, marriage settlement, or otherwise, is not material." 27 Am.Jur.2d, *Equitable Conversion* § 4 at 486 (1966).

The divorce decree and settlement meet the requirements for equitable conversion. The direction to convert the debtor's interest

into money is "positive and unmistakable." *Wheless v. Wheless,* 92 Tenn. 293, 296, 21 S.W. 595 (1893). Mr. Bumpass has a "positive, unqualified obligation" to pay the debtor one-half the equity. *Id.* at 302, 21 S.W. 595. His obligation is not contingent and must be carried out "at a definite future time." *Chambers v. Preston,* 137 Tenn. 324, 331, 193 S.W. 109 (1917); *see also Wayne v. Fouts,* 108 Tenn. 145, 65 S.W. 471 (1901).

■ The debtor and Mr. Bumpass are bound by the divorce decree and settlement. *Towner v. Towner,* 858 S.W.2d 888 (Tenn. 1993); *Vanatta v. Vanatta,* 701 S.W.2d 824, 827 (Tenn.App.1985). Of course, the debtor might refuse to execute a deed when Mr. Bumpass tenders payment, but that problem can be cured by the state courts. *Huggins v. Emory,* 484 S.W.2d 351 (Tenn.1972).

■ Furthermore, anyone who acquired the interest of the debtor or Mr. Bumpass would be bound by the divorce decree. *Edwards v. Puckett,* 196 Tenn. 560, 268 S.W.2d 582 (1954); *Hall v. Hall,* 604 S.W.2d 851 (Tenn.1980); *Lee v. Harrison,* 196 Tenn. 603, 270 S.W.2d 173 (1954); *see also Lawley v. Smith,* 409 So.2d 809 (Ala.1982); *Ex parte Malone,* 543 So.2d 1190 (Ala.1989).

Under § 541 of the Bankruptcy Code, the bankruptcy trustee succeeded to the debtor's rights, but that does not give him any greater rights than the debtor. 11 U.S.C. § 541(a); *Fandrich v. D & S Hydraulics Co. (In re Fandrich),* 63 B.R. 250 (Bankr.D.N.D. 1986); *Maiona v. Vassilowitch (In re Vassilowitch),* 72 B.R. 803 (Bankr.D.Mass.1987).

■ In summary, the debtor's interest came into the bankruptcy estate as defined and limited by the divorce decree and settlement. This interest is personal property or should be treated as personal property, and the exemption allowed.[1] *In re Calhoun,* 47 B.R. 119 (Bankr.E.D.Va.1985); *see also Fandrich v. D & S Hydraulics Co. (In re Fandrich),* 63 B.R. 250 (Bankr.D.N.D.1986).

Finally, the court rejects the trustee's argument that since the debtor is still an owner of record, she is estopped to deny that she is a tenant in common. This argument is not

---

1. The situation is also similar to another common method of dividing property: the court makes one spouse the sole owner and gives the other spouse a lien to secure payment of one-half the equity or some other amount. In that situation the spouse with the lien owns personal property. *Mueller v. Rupp,* 52 Wash.App. 445, 761 P.2d 62 (1988).

supported by Tennessee law and is subsumed by the court's holding with respect to equitable conversion.

The court notes that the total of the exemptions listed under *Tenn.Code Ann.* § 26–1–102 exceeds the allowable amount of $4,000. The record does not reveal whether the debtor and the trustee have made any arrangement to keep the total under $4,000 or to attribute some of the exemptions to other exemption statutes.

The court denies the trustee's objection except to the extent the total of debtor's exemption exceeds $4,000. The debtor is entitled to a personal property exemption from her right to payment of one-half the equity, subject to the $4,000 overall limit of *Tenn.Code Ann.* § 26–2–102. The debtor shall be allowed ten (10) days within which to amend her claim of exemptions to comply with the statutory limit.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.