Graves
*v.*
Merwin.

### GRAVES *against* MERWIN.

An officer who has levied an execution on land, and in all his proceedings has conformed to the directions of the creditor, is a competent witness for the creditor, in a suit, brought by him, to recover possession of the land so taken in execution, involving the legality of the proceedings.

Where an officer serving an execution, made demand of the debtor of money and chattels to satisfy the execution, and no personal property was offered to him to be levied upon; it was held, that he might lawfully levy such execution upon the land of the debtor, though he, at that time, owned and possessed personal property sufficient to satisfy the execution.

THIS was an action of disseisin, brought to recover possession of certain lands situated in the town of *New-Milford.*

The cause was tried, at *Litchfield, February* term 1848, before *Church*, Ch. J., upon the plea of the general issue.

On the trial, the plaintiff claimed title, by virtue of the levy of an *alias* or second execution, which, by the officer's return thereon endorsed, appeared to have been legally levied upon the demanded premises. But the defendant claimed, that the levy was void, and that the plaintiff had thereby acquired no title.

It was admitted, that the original execution had been levied upon certain personal property of the defendant, offered and tendered by him to the officer, and applied in part satisfaction of the execution.

The defendant claimed, that in addition to the property thus taken by the officer, he, at the same time, offered and tendered to him a further large amount of personal estate, more than sufficient to satisfy the balance of the execution, which the officer refused to receive and apply thereon. This was denied, by the plaintiff; and he offered the officer as a witness, to testify, that he had received and applied, according to law, all the personal property which the defendant had offered and tendered to him. And it was proved and admitted by the plaintiff, that the officer, in the whole matter, had proceeded according to his directions.

To the admission of the officer, as a witness, for such purpose, the defendant objected; but the court admitted the testimony.

In the further progress of the trial, the defendant introduced evidence to prove, that before the levy of the execu-

tion upon the land was made, and when the officer made demand of him for personal property, the defendant owned and possessed personal property more than sufficient to satisfy the execution, which could have been taken and applied upon the execution, without inconvenience ; of which the officer had knowledge and information from the defendant. And he prayed the court to instruct the jury, that the officer was bound to levy upon such property, whether it was tendered to him or not, by the defendant, before he could legally levy upon real estate.

But, upon this subject, the court instructed the jury, that the officer, having made demand of the defendant for money, goods, &c., to satisfy the execution, was not bound to look after personal property, in order to exonerate the real estate of the defendant, and was only bound to take such personal property, as the defendant fairly offered and tendered to him, with a request that he should levy thereon.

The jury having returned a verdict in favour of the plaintiff, the defendant moved for a new trial ; and the questions arising in the case, were reserved for the advice of this court.

*Church,* in support of the motion, contended, 1. That the officer who served the execution, was not a competent witness for the plaintiff. He was called by the plaintiff, to prove that he had taken and applied all the personal property that had been turned out to him. If he failed to do this, he was guilty of *a breach of duty ;* which rendered him liable to one party or the other. He was interested to prove that he done his duty, in order to avoid liability over. 1 *Phil. Ev.* 46. 95,6. *Green* v. *New River Company,* 4 *Term R.* 589. *Miller* v. *Falconer,* 1 *Campb.* 251. *The King* v. *Terrington,* 15 *East,* 474. *Bird* v. *Thompson,* 1 *Esp. Ca.* 339. *Field* v. *Mitchell,* 6 *Esp. Ca.* 73. *Powell* v. *Hord,* 1 *Stra.* 650. S. C. 2 *Ld. Raym.* 144. 2 *Stark. Ev.* 769.

2. That the proceedings under the execution were irregular, and the plaintiff acquired thereby no title. By the common law, land cannot be taken in execution. 2 *Bac. Abr.* 685. (*Ham.* ed.) 3 *Bla. Com.* 418. 4 *Kent's Com.* 428. The right being a statutory one, the mode prescribed by statute must be strictly pursued. *Mitchell* v. *Kirtland,* 7 *Conn. R.* 229. *Metcalf* v. *Gillet,* 5 *Conn. R.* 400. *Hobart* v.

*Frisbie, Id.* 592. Our statute which gives the right to take and, gives it only in case *personal property cannot be found.* *Stat.* 63, 4. *tit.* 2. *c.* 1. *s.* 76. 1 *Sw. Syst.* 332, 3. 1 *Sw. Dig.* 154. 2 *Bac. Abr.* 711. (*Ham.* ed.) 4 *Kent's. Com.* 430. The motion shows, that personal property *could* be found, in this case. The course of proceeding is as follows, 1. The first thing the officer is to do with the execution, is, to *make demand* of payment. 2. He is then to levy on *personal* estate, if exempt from execution ; and on *that*, if turned out by the debtor. *Stat.* 62. *s.* 74. 3. If personal estate cannot be found, then to take the body, if the creditor shall so elect. *Stat.* 63. *s.* 75. 4. If personal estate cannot be found by the officer, and the debtor shall not turn out any, not by law exempt from execution, then, and then only, may real estate be taken. *Stat.* 63. *s.* 76. The property to be turned out in the 76th section, is the same property to be turned out in the 74th section. This construction gives effect to all the words of the statute ; whereas the charge of the court disregards entirely the words "cannot be found by the officer." The rule of law is, that a statute is to be so construed as to give effect to *every part* of it.

It is said, that the *form* of execution prescribed by statute, gives the creditor his election. *Stat.* 296. *s.* 5. That form is as old as the hills ; (*a*) but the words " cannot be found by the officer," in the 76th section, were introduced at the revision in 1821, and thereby the form is so far restricted. The forms which appear in the statute book, were never intended to *controul* the law, in any respect ; but are given

(*a*) Not quite. In the first printed edition of the statute book, published in 1673, certain forms were given at the end of the statutes, (of which, however, the form of an execution was not one,) but were not contained in the body of any act. The "act prescribing forms," &c. first appears in the edition of 1702 ; and that act contained then, as ever since, until the revision in 1821, the form of an execution granted by a justice of the peace, and a distinct form of one granted by the higher courts ; the words touching the point in question, being, in the former case, " that of the money of the said *A. B.*, or of his goods or chattels," and in the latter, " that of the goods, chattels or *lands* of the said *A. B.*" The same diversity existed in regard to the subsequent clauses relating to the body. In the former, the expression is—" and for want of such money, goods or chattels of the said *A. B.*, you are required to take the body :" in the latter, it is—" and for want of such goods, chattels or *lands* of the said *A. B.*" &c.—*R.*

merely as a guide to the draftsman, and are to be modified to conform to changes in the law.

*Seymour* and *Sanford*, contra, contended, 1. That the officer was a competent witness for the plaintiff. It being proved and admitted, that he proceeded in the whole matter under the plaintiff's directions, he could not be liable over, and therefore, had no possible interest in the event of the suit. But if he had acted without any special directions, there is nothing in his conduct or proceedings to show even a *prima facie* case of liability. It is enough for him that he acted under a legal precept. *Taylor* v. *United States*, 3 *Howard,* 197. *Dudley* v. *Bolles*, 24 *Wend.* 465. 471, 2. *Carrington* v. *Holabird*, 17 *Conn. R.* 530.

2. That the officer having made demand of the debtor, and the debtor having refused and neglected to turn out personal property, the officer was justified in levying upon real estate, though there was personal property which he might have taken. This construction of the statute is a fair and reasonable one, enabling both the debtor and the creditor to avail themselves respectively of their just rights. It is sanctioned, directly and explicitly, by the case of *Spencer* v. *Champion*, 13 *Conn. R.* 11. and virtually, by the previous decisions in *Isham* v. *Downer*, 8 *Conn. R.* 282. and *Allen* v. *Gleason*, 4 *Day*, 376. The doctrine of these cases has so long been considered as settled law ; officers have so long acted upon it, in the transfer of titles to real estate ; that it has become a *rule of property*, and ought not now to be disturbed. It harmonizes with the phraseology of the statute and the prescribed forms of executions.

WAITE, J. With respect to the admission of the officer to disprove the claim, that personal property had been tendered to him, we can see no valid objection to it. To render such an objection available, upon the ground of interest in the witness, it was incumbent upon the defendant to show such interest. This he failed to do.

It was proved, that, in all his proceedings, the officer acted under the directions of the plaintiff. If so, he could not be chargeable with any omission or neglect of duty. The case

*Litchfield,*
June, 1848.

Graves
*v.*
Merwin.

falls directly within the principles recently recognized by this court.    *Carrington* v. *Holabird*, 17 *Conn. R.* 540.

It becomes, therefore, unnecessary to enquire how the objection would stand, if no such directions had been given.

2. In the next place, was the officer bound to levy upon personal property, provided he made demand of the debtor, and the latter refused or neglected to turn it out to him ?

This question, so far as the rights of the debtor are concerned, seems to have been settled, many years ago, by this court.    *Allen* v. *Gleason,* 4 *Day,* 376.

In that case, *Gleason,* one of the defendants, had a warrant for the collection of a school tax against the plaintiff, and having given due notice, and the tax not being paid, he arrested the plaintiff, and confined him in the common gaol. The plaintiff afterwards brought his action for a trespass and false imprisonment, and on the trial, offered to prove, that he had abundant personal property, within the knowledge of the collector, liable to be levied upon ; but it appeared, that the plaintiff had refused to turn it out, alleging that the tax was illegal.

The evidence offered was rejected, by the superior court ; and that decision was afterwards sustained, by this court.    It was then holden, that collectors of taxes must generally proceed in the same manner as officers having executions, and were bound to take personal property, if tendered, in preference to the body.    But if the debtor, for whose benefit the rule exists, neglects to offer property, when demanded, he waives the privilege the law gives him, and the officer is excused, if he levy upon the body.

The phraseology of the statute, as it then existed, in relation to the levy of an execution upon the body of the debtor, was very similar, in its terms, to the present, authorizing a levy upon real estate.    The rule applicable to the one, must therefore necessarily apply to the other.

By that decision, it was established, that the debtor, if he wished to protect his person, or his real estate, from being taken on execution, must, when demand was made of him, either pay the debt, or tender to the officer sufficient personal property.    The right to have the latter applied in satisfaction of his debts, in preference to the former, is a privilege conferred upon him by the law, which he may waive at his pleasure.

The rule, thus established, has generally been regarded as

the settled law of this state, since that decision was made. It has, to a considerable extent at least, become a rule of property, and consequently, ought not to be disturbed, unless by some act of the legislature. It is true, the law authorizing the person of the debtor to be taken, by virtue of a writ of execution, has, in most cases, been abolished, in this state. But that change does not affect the construction of the statute in relation to the duty of an officer to levy upon personal property.

*Litchfield*, June, 1848.

Graves *v.* Merwin.

We do not, however, intend to be understood as saying, that the officer is exonerated from that duty, provided the property is not turned out to him, when demanded of the debtor. The creditor has a right to require this of him. He is entitled to satisfaction of his debt, in money, if it can be obtained, rather than in real estate, at the appraisal of man. The former may be accomplished, by a levy upon personal property, which the law requires to be sold, and converted into money.

But if, as in this case, he direct the officer to take the real estate, he has no right to complain of an omission to levy on personal estate. On the other hand, the debtor is sufficiently protected, if an opportunity is given him to tender personal property. Thus the rights of all are secured.

A new trial, therefore, must be denied.

In this opinion the other Judges concurred.

New trial not to be granted.