[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT MAHER'S MOTION FOR SUMMARY JUDGMENT
Defendant Michael T. John Maher has moved for summary judgment against plaintiff ATI pharmaceuticals, Inc. I have concluded that defendant Maher is not entitled to summary judgment.
Plaintiff ATI alleges that it suffered damages by reason of defendant Maher's failure to perform his duties as a Deputy Sheriff. ATI claims Sheriff Maher made a defective attachment of property thereby causing ATI to loose security for a judgment it obtained against Wellfleet, Inc.
Sheriff Maher makes six claims in support of his motion for summary judgment. First, he claims he attached in a manner directed by counsel for ATI an is therefore not chargeable with any omission or neglect of duty. See Graves v. Merwin,19 Conn. 96, 99 (1848). The lawyer who were counsel for ATI at the time Sheriff Maher made the attachment have been impleaded in this case as third-party defendants. They deny Sheriff Maher's claim that they gave him directions. ATI's present counsel have been unable to obtain an affidavit from prior counsel. Under the circumstances, the failure to obtain the affidavit is excuseable. See Practice Book 382. A question of fact exists as to whether Sheriff Maher acted under the supervision or direction of plaintiff's counsel. Accordingly, this ground is not a basis for a summary judgment.
Second, Sheriff Maher claims he made a valid attachment. He argues that other persons acted illegally in removing the goods and that he is therefore not liable to ATI for neglect of duty. In a previous ruling in this case, the court (Zoarski, J.) decided the attachment was invalid. For purposes of the motion for summay judgment, Sheriff Maher is bound by the previous ruling of the court.
Third, Sheriff Maher claims that any loss suffered by ATI was not caused by a defective attachment but was caused by ATI's failure to enforce a prior lien ATI obtained under the Uniformed Commercial Code. The evidence submitted in connection CT Page 1764 with this issue is not sufficient for the court to conclude that ATI was required to pursue a remedy under the Uniformed Commercial Code before exercising its right under the attachment.
Fourth, Sheriff Maher claims ATI failed to perfect its attachment because it did not execute on its judgment against Wellfleet, Inc. within sixty days of final judgment. See General Statutes 52-328(a). Because a factual dispute exists as to whether ATI was excused from executing on the judgment, this it not a ground for summary judgment.
Fifth, Sheriff Maher claims that attorneys Lerner and Cashman failed to take corrective action after being advised by Sheriff Maher of the procedures he followed in attaching the goods. This issue is related to Sheriff Maher's first claim. A factual dispute exists as to this issue.
Sixth, Sheriff Maher claims ATI did not suffer any actual damages because of the existence of a prior lien. Sheriff Maher claims the prior lien reduced the value of ATI's security. A factual dispute exists as to this issue.
For the foregoing reason, the motion for summary judgment is denied.
THIM, JUDGE