[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 30, 1989, a judgment was entered by the United States District Court for the District of Connecticut in favor of Bernard Meehan (hereinafter "Meehan"), a third party defendant in this action, and against Fair Cadillac Oldsmobile Corporation (hereinafter "Fair"), the plaintiff in this action. On July 25, 1989, counsel for Meehan, William M. Laviano (hereinafter "Laviano["]), a third party defendant in this action, filed an application for a writ of execution — Banking Institution. The following day, the court signed and issued the execution. Laviano then engaged Sheriff Charles Allard (hereinafter "Allard"), the defendant and third party plaintiff in this action, to make service on Connecticut National Bank, a depository for Fair.
On July 28, 1989, Allard levied on this account to satisfy the judgment in full, which judgment totalled one hundred sixty-five thousand seven hundred eight dollars and forty-three ($165,708.43) cents. On August 2, 1989, Fair and Meehan entered into an agreement which provided that Fair pay Meehan the sum of CT Page 8804 one hundred fifty thousand ($150,000.00) dollars in damages plus the sheriff's fee. The said agreement contained the following addendum:
 Fair Cadillac Oldsmobile Corporation is paying claimed Sheriff's fees under protest. Paragraph 2(c) shall not be construed as a waiver of Fair Cadillac Oldsmobile Corporation's right to challenge the validity or propriety of the Sheriff's execution nor the amount of fees claimed. However, there shall be no withholding of any funds or claims by Defendant against Plaintiff for said fees.
Allard subsequently received nine thousand nine hundred forty-two dollars and fifty-one ($9,942.51) cents for his services.
On September 12, 1989, Fair instituted the present action against Allard to recover the sheriff's fee. It alleges that a stay of appeal existed which precluded the levy on Fair's bank account, hence the execution is void.
Fair further alleges in the second count of its complaint that Allard violated Connecticut General Statutes, Sec. 52-564
which states, "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."
Allard denies Fair's claims and alleges six special defenses as follows:
 1. The plaintiff is barred from recovery as it voluntarily settled the underlying judgment in the Meehan matter which included payment of the defendant's fee.
 2. The plaintiff, by its own actions and those of its counsel, failed to protect its rights under Federal Rule of Civil Procedure 62 by obtaining a stay of execution in the Meehan matter.
 3. The plaintiff is barred from recovery by the doctrine of unclean hands.
 4. The plaintiff's accord and satisfaction with Meehan in the Meehan matter releases any claim that the plaintiff may have against the defendant.
5. The defendant at all times was acting as an agent of CT Page 8805 disclosed principals, William Laviano and Bernard Meehan, expressly at their direction, and is thereby relieved of any liability to the plaintiff, said principals having ratified Allard's actions by retaining the funds and settling the Meehan judgment.
 6. A "wrongful detention" of funds is not the type of theft required for recovery under Gen. Stats. Sec. 52-564[.]
In addition, Allard brought a third party complaint against Meehan and Laviano seeking indemnification from Meehan and Laviano based on their alleged negligence and also based on a claim of Allard being a third party beneficiary of the settlement agreement between Fair and Meehan.
Meehan and Laviano allege two affirmative defenses as follows:
 1. The plaintiff is bound by a settlement accord and satisfaction which releases Mr. Meehan and his attorney.
 2. The plaintiff's claim is preempted by the Supremacy Clause of the United States Constitution.
All claims of liability and all special defenses have been denied by the parties to whom those respective claims were directed.
On August 7, 1991, Fair filed an offer of judgment with the court, offering to take judgment in this matter from Allard in the amount of nine thousand ($9,000.00) dollars.
The first issue to be addressed in this case is the validity of the execution served by Allard which is the basis for his claim for statutory sheriff's fees. This issue was thoroughly addressed by the court, Moraghan, J., when he ruled on motions for summary judgment by both Fair and Allard. Judge Moraghan declined to grant a summary judgment for either party because he was of the opinion that there was at least one genuine issue of fact to be resolved, relative to the settlement agreement. Judge Moraghan did render an opinion as to the validity of the execution which is the basis for Allard's claim for sheriff's fees.
His memorandum of decision dated April 16, 1991, after a thorough analysis and discussion of the interrelationship of federal rules and state statutes, draws the following CT Page 8806 conclusions:
 In summary, a ten (10) day automatic stay of execution may be invoked under Rule 62. In addition, the exhaustion requirement contained in Sec. 52-356a(a) as to any right of appeal is also applicable because Rule 62(a) does not preclude a further stay, and no other United States statute governs. Moreover, the supersedeas bond requirement is applicable and should govern as to the proper manner in which to perfect a stay upon appeal. Therefore, since the execution was issued prior to July 30, 1989, it and subsequent levy were improper under the cited rules and statutes.
This court is in agreement with the conclusions drawn by Judge Moraghan and adopts them as its own.
The court finds each and every allegation of the first count of Fair's complaint proven by a preponderance of the evidence. The court must therefore discuss Allard's special defenses addressed to Fair's first count to determine if Allard has proven one or more defenses to Fair's claim.
Allard's first and fourth special defenses are not successful since Fair paid Allard under protest.
The second and third defenses are inapplicable as noted by Judge Moraghan's ruling referred to above.
The issues in this case do not involve claims against Allard for trespass or for the unlawful seizure or conversion of personal property as a result of serving an invalid execution. Fair is not claiming damages for wrongful interference with bank account. What Fair is seeking is the return of a sheriff's fee that it paid under protest and as noted above was as a result of an invalid execution. Thus, the cases of Higgins v. Russo,72 Conn. 238, 243 (1899), and Graves v. Merwin, 19 Conn. 96, 99
(1848), cited by Allard, are not applicable to the facts of this case.
The court is not persuaded that Allard needed a principal in order to be an agent to collect his own statutory fees. There has been no showing that he would be obliged to account to his "Principal" for his sheriff's fee. If anything, under the facts of this case, Meehan and Laviano acted as Allard's agents to assure the transfer to Allard of the fee now in dispute. Thus, CT Page 8807 Allard's fifth special defense fails.
Allard has failed to prevail on all of the special defenses addressed to Fair's first count of its complaint. Judgment may enter in favor of Fair on the first count of its complaint in the sum of nine thousand nine hundred forty-two dollars and fifty-one ($9,942.51) cents, plus interest from July 28, 1989 to August 6, 1991 at 10 percent per annum per Connecticut General Statutes, Sec. 37-3a, and interest from August 7, 1991 to date at 12 percent per annum, plus a reasonable attorney's fee of three hundred fifty ($350.00) dollars per section 350 of the Practice Book, plus costs.
The second count of Fair's complaint has not been proven by preponderance of the evidence. Fair failed to prove that Allard stole the sum in question. Fair and Meehan agreed to pay over to Allard his claimed fee and it was intended that it was Allard's to hold until Fair was able to prevail in an action to recover said sum. Since this was not a larceny on Allard's part, judgment may enter in favor of Allard on the second count of Fair's complaint.
The third party complaint of Allard seeks indemnification from Meehan and Laviano, based on a claim of active negligence on the part of Meehan and Laviano, and passive negligence on the part of Allard in reference to levying the execution against Fair's bank account. An examination of Fair's revised complaint makes no claim against Allard based on negligence. The complaint is based on lack of authority due to an invalid execution. To recover indemnification, Allard must show "that the negligence with which it [he] had been found chargeable was passive or secondary, while the indemnitor had been negligent and in a manner which was active and primary." Kaplan v. Merberg WreckingCorporation, 152 Conn. 405, 415.
Fair did not recover on a theory of negligence against Allard. There is no recovery for indemnification for active negligence without passive negligence, and therefore Allard cannot prevail on this theory of recovery.
The third party complaint also alleges that Allard is a third party beneficiary of the settlement agreement reached between Fair and Meehan and Laviano. Allard's brief is silent as to what his theory is to make him a third party beneficiary of an agreement that specifically states that Allard's fee is being CT Page 8808 paid under protest and with a right to challenge the validity or propriety of Allard's fee. Allard has failed to prove by a preponderance of the evidence that he is a third party beneficiary of the settlement agreement.
The fourth and fifth paragraph of Allard's third party complaint seem to raise claimed defenses to Fair's claim but are not allegations which would, if proven, be the basis of recovery against Meehan and Laviano. Allard's brief is also silent as to what his theory would be to make Meehan and Laviano liable based on either of these paragraphs. Thus, Allard cannot prevail based on these paragraphs.
For the foregoing reasons, judgment may enter in favor of Meehan and Laviano on Allard's third party complaint together with costs.
Stodolink, J.